No. 74,757

STATE OF KANSAS, *Appellee*, v. TONIO HERNANDEZ RODRIGUEZ, *Appellant.*

927 P.2d 463

Opinion filed November 15, 1996.

*Randall L. Hodgkinson*, assistant appellate defender, argued the cause, and *Jessica R. Kunen*, chief appellate defender, was with him on the briefs for appellant.

*Scott M. Schultz*, assistant county attorney, argued the cause, and *John P. Wheeler, Jr.*, county attorney, and *Carla J. Stovall*, attorney general, were with him on the brief for appellee.

The opinion of the court was delivered by

ABBOTT, J.: The defendant, Tonio Hernandez Rodriguez, appeals the trial court's denial of his motion to withdraw a guilty plea. This case arose out of Rodriguez' motion to dismiss the charges against him for failure to provide a speedy trial. The trial court denied the motion, but told Rodriguez that he could appeal the ruling even if he should plead guilty. The trial court's advice turned out to be erroneous, although it was provided in good faith. Based on this erroneous advice, Rodriguez pled guilty to the charge of aggravated robbery and, pursuant to a plea agreement, five other felony counts were dismissed. The sentencing court invoked the Habitual Criminal Act, and Rodriguez was sentenced to a term of 45 years to life, to be served consecutive to sentences Rodriguez had already received in Colorado and Texas. The sentencing court also invoked K.S.A. 1992 Supp. 21-4618, making the minimum sentence mandatory because the crime was committed with the use of a firearm. Rodriguez appealed the speedy trial issue. We held that Rodriguez had waived the speedy trial issue by pleading guilty. *State v. Rodriguez*, 254 Kan. 768, 869 P.2d 631 (1994) (*Rodriguez I*). Rodriguez then filed a motion to withdraw his plea of guilty, which the trial court denied. This appeal followed.

In *Rodriguez I*, we refused to rule on the speedy trial issue because it had been waived, but we informed Rodriguez that he could attempt to set aside his guilty plea. We cautioned him that "if" he was successful in setting his plea aside, he could be charged with the original six felonies. 254 Kan. at 775. With this language, we did not mean to imply that Rodriguez would be entitled to set aside his plea by a mere showing that the trial judge misinformed him about his right to appeal the speedy trial issue.

The requirements to have a plea of guilty set aside are set forth in K.S.A. 22-3210(d):

"A plea of guilty or nolo contendere, for good cause shown and within the discretion of the court, may be withdrawn at any time before sentencing is adjudged. *To correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw the plea.*" (Emphasis added.)

In this case, the trial court refused to allow Rodriguez to withdraw his plea because it found that such action was not necessary

to correct a manifest injustice. The trial court found that manifest injustice did not exist because Rodriguez was not an innocent man falsely accused of this crime. We do not agree with the trial court's rationale behind its finding that manifest injustice did not exist. However, we do agree with the trial court's ruling, although based on a different rationale, that manifest injustice does not exist in this case.

Manifest injustice does not exist in this case because the trial court's erroneous information, causing Rodriguez to waive his speedy trial issue, was harmless. Even if Rodriguez had properly appealed his speedy trial issue, his appeal would have been unsuccessful and the charges against him would not have been dismissed because his speedy trial rights were not violated, as explained in more detail below. The trial court was correct, although for the wrong reasons, in finding that manifest injustice did not exist and in refusing to allow Rodriguez to withdraw his guilty plea.

Prior to this case, Rodriguez had separate convictions for murder, rape, theft, and escape. Rodriguez was on parole in Texas from a 45-year sentence for robbery and a 30-year sentence for burglary of inhabited property. Upon parole, he committed a number of felonies in Texas and then fled to Kansas, where he immediately committed additional crimes, including the crime in this case. In Kansas, Rodriguez kidnapped a victim at gunpoint, took her to an adjoining county, and sexually assaulted her. He then committed a second sexual assault on the same victim in Colorado. He was sentenced in Colorado to 48 years for that assault.

In *Rodriguez I*, we set forth the parties' agreed sequence of events and explained the Agreement on Detainers Act, K.S.A. 22-4401 *et seq*. The relevant sequence of events is as follows: Rodriguez was sentenced in Colorado on January 3, 1991, to 48 years for the offense of first-degree sexual assault. At this time, he was placed in the custody of the Colorado Department of Corrections. Kansas and Texas immediately filed detainers on Rodriguez. On January 22, 1991, Rodriguez requested disposition of the Kansas and Texas charges. That request was filed with the proper authorities in Kansas on February 13, 1991. Thus, the 180 days commenced to run on February 13, 1991. See *State v. White*, 234 Kan.

340, 344, 673 P.2d 1106 (1983) (finding that the 180-day speedy trial time limitation contained in Article III of the Agreement on Detainers commences only upon receipt of the prisoner's notice and request for disposition of the charges filed against the prisoner by the proper authorities in the state which filed the detainer against the prisoner); *In re Habeas Corpus Application of Sweat,* 235 Kan. 570, 684 P.2d 347 (1984).

Kansas then processed the necessary paperwork. On April 16, 1991, Colorado notified Kansas that Rodriguez was not available for extradition to Kansas because he was being transported to Texas. Colorado informed Kansas that Rodriguez would be available to Kansas upon his return from Texas.

In August 1991, the Texas charges were disposed of and on October 16, 1991, Texas returned Rodriguez to Colorado. Rodriguez was then returned to Kansas on November 8, 1991.

"When a prisoner becomes unavailable for trial as a result of having requested a speedy trial in another jurisdiction, the delay in bringing the prisoner to trial in Kansas attributable to his having been in the custody of such other jurisdiction is chargeable to the prisoner in determining his speedy trial rights." *State v. Maggard,* 16 Kan. App. 2d 743, Syl. ¶ 4, 829 P.2d 591, *rev. denied* 251 Kan. 941 (1992).

Whether the tolled speedy trial rights commenced to run when Rodriguez was returned to Colorado (October 16, 1991), or when he was returned to Kansas (November 8, 1991), or some date in between those dates (using a reasonable time standard) is immaterial and need not be decided at this time. Using the most generous date of October 16, 1991, and not counting other times chargeable to the defendant, the defendant entered his plea in 127 days (February 13-March 21=36 days and October 16-January 15=91 days) or 134 days if the scheduled trial date is the last day to count. Both dates are well within the 180 days. Even a cursory examination of those dates conclusively shows that 180 days, chargeable to the State, had not elapsed when Rodriguez entered his plea of guilty. Thus, Rodriguez' rights to a speedy trial were not violated.

The fact that the defendant lost his right to appeal a meritless issue (the speedy trial issue) is harmless error. As such, we con-

clude the defendant has not shown a manifest injustice because the trial court erroneously caused him to lose the right to appeal an issue that has no merit and would not have resulted in the charges against him being dismissed. Since no manifest injustice exists, the defendant was not entitled to withdraw his guilty plea. The trial court was correct, although for the wrong reasons, to deny Rodriguez' motion to withdraw his guilty plea.

Affirmed.

SIX, J., concurring: I concur in the result. According to the State, Rodriguez had already planned at an informal pretrial conference to plead guilty if his motion to dismiss was denied, before he ever received any advice on the appealability of the speedy trial issue. The State reasons that because he did not rely on and was not prejudiced by the district court's advice on the speedy trial issue, manifest injustice does not exist. We need not resolve the State's contention. Rodriguez made his intent clear *to challenge the speedy trial issue*. The dates set out in the majority opinion show that he has no speedy trial issue.

LOCKETT, J., joins the foregoing concurring opinion.