(195 P.3d 278)
No. 99,169

DAVID WILKINSON, *Appellant*, v. STATE OF KANSAS, *Appellee*.

Opinion filed November 7, 2008.

*Michael P. Whalen*, of Law Office of Michael P. Whalen, of Wichita, for appellant.

*Matt J. Maloney*, assistant district attorney, *Nola Tedesco Foulston*, district attorney, and *Stephen N. Six*, attorney general, for appellee.

Before LEBEN, P.J., BRAZIL and BUKATY, S.J.

LEBEN, J.: David Wilkinson pled guilty to a second charge of possession of cocaine based on a plea agreement in which the State agreed to recommend that his sentences for the two convictions be concurrent. The concurrent sentences were a significant incentive for the plea because concurrent sentences all share the same clock: the defendant serves only the longest sentence as less serious ones tick away alongside it. Consecutive sentences run separately and result in longer time in prison. But before Wilkinson could have been granted concurrent sentences, he had to clear a very

high hurdle—and Wilkinson now claims that his attorney did not tell him about either the hurdle or its height.

As it turned out, the district court could not consider giving Wilkinson concurrent sentences on a level playing field because the second offense had been committed while he was on felony bond for the first offense. Kansas law provides for consecutive sentences in such cases unless that "would result in a manifest injustice." See K.S.A. 21-4608(d) and 21-4720(a). The manifest-injustice standard presents quite a high hurdle: a sentence results in manifest injustice only when it "is obviously unfair and shocks the conscience of the court." *State v. Medina*, 256 Kan. 695, Syl. ¶ 1, 887 P.2d 105 (1994). A defense attorney who fails to tell the defendant about that standard provides ineffective assistance of counsel because a defendant's knowledge that the playing field is sharply tilted against him is important. But the district court dismissed Wilkinson's motion under K.S.A. 60-1507 to set aside his plea, and we reverse and send the case back for an evidentiary hearing on whether Wilkinson's attorney failed to tell him about the manifest-injustice standard. If so, Wilkinson may well be entitled to withdraw his plea.

I. *Under a Plea Agreement, the State Recommended Concurrent Sentences, But the Court Found No "Manifest Injustice" and Gave Wilkinson Consecutive Sentences.*

Before Wilkinson pled guilty to his first charge for possession of cocaine, he was arrested on a second charge of cocaine possession. But the criminal case on the second arrest wasn't filed until shortly before he was sentenced on the first offense. In the first case, Wilkinson was given probation so he could enter a drug-treatment program, but he tested positive for cocaine use before treatment began. Authorities then picked Wilkinson up on a probation-violation charge for failing a drug test. At the same time, the second charge for possession proceeded to a plea.

Wilkinson admitted violating his probation in the first case and pled guilty to possession of cocaine in the second. As part of the plea agreement, the State agreed to recommend that the sentences run concurrently. The district court had given Wilkinson an un-

derlying 28-month sentence to his probation and because Wilkinson violated probation, the court ordered Wilkinson to serve that sentence. The district court gave Wilkinson another 28-month sentence for the second charge. The court ordered that sentence consecutive—so Wilkinson must serve a total of 56 months. If the sentences had been concurrent, he would only have served 28 months.

The district judge concluded that he was required to make the sentences consecutive because to do otherwise, "I would have to make a finding of a manifest injustice. And frankly, I can't find that in this case." The judge noted that "[m]anifest injustice is a fairly high standard" and that the defendant had continued to use cocaine: "[A]nytime you give him an inch, he takes a mile and goes right back to those drugs again." Although Wilkinson argued that he had never received drug treatment, the record certainly supports the district court's comments. Wilkinson had used cocaine while his first case was pending and used cocaine again shortly after he was placed on probation in that case.

## II. *Wilkinson's Plea May Be Set Aside for Ineffective Assistance of Counsel.*

A plea may be set aside for ineffective assistance of counsel if the defendant proves that (1) the attorney's performance fell below a standard of reasonableness and (2) a reasonable probability exists that, but for the attorney's errors, the defendant would not have pled guilty and would have insisted on going to trial. *State v. Adams*, 284 Kan. 109, 118, 158 P.3d 977 (2007).

Wilkinson's motion was initially filed without an attorney's assistance and raised several issues that have not been pursued in this appeal. The motion didn't directly ask to withdraw his plea, but Wilkinson did say that his plea was invalid, improper, or not voluntary. Wilkinson also argued that the plea process would have been significantly different had he been told that a showing of manifest injustice was required to get his sentences to run concurrently. Because pro se motions under K.S.A. 60-1507 are liberally construed, *Bruner v. State*, 277 Kan. 603, 605, 88 P.3d 214 (2004), Wilkinson's motion should be construed as one to withdraw

his plea based on ineffective assistance of counsel for failing to tell him of the manifest-injustice requirement for concurrent sentences.

III. *Wilkinson Is Entitled to an Evidentiary Hearing on His Claim of Ineffective Assistance of Counsel.*

The district court denied Wilkinson's motion without giving a rationale for rejecting his argument of ineffective assistance of counsel. Wilkinson had separately challenged the consecutive sentences, a challenge the district court properly rejected. The district court wrongly concluded that if the consecutive sentences were legally proper, there could be no viable claim that Wilkinson's lawyer had been ineffective. The district court considered the claim of ineffective assistance to be "premised entirely upon his assertion [that] the district court erred at sentencing." That's not true. Wilkinson argued that his lawyer was ineffective for failing to tell him that he had to meet the manifest-injustice standard to get concurrent sentences. The key elements to Wilkinson's argument all took place *before* a plea was entered: whether the lawyer failed to tell him about the standard and whether Wilkinson would have rejected the plea deal and insisted on going to trial had he known about it. Neither element is dependent upon whether "the district court erred at sentencing."

So we must answer the question the district court did not: Is a defense attorney's performance below acceptable standards if the attorney doesn't tell a defendant in Wilkinson's situation that the district court must find manifest injustice to give concurrent sentences? We think so.

Without knowing about the manifest-injustice standard, Wilkinson could not reasonably judge the value of the State's sentencing recommendation, which was made in exchange for his plea. Guilty pleas must be made on a voluntary and informed basis. To be made on an informed basis, the defendant must have a reasonable understanding of the relevant circumstances and likely consequences of the plea. *State v. Harned*, 281 Kan. 1023, 1042, 135 P.3d 1169 (2006). Wilkinson couldn't reasonably understand the circum-

stances of his plea—specifically the value of the State's *quid pro quo*—if he was not told about the manifest-injustice standard.

In an ordinary case, a district judge has discretion to make sentences either concurrent or consecutive. The district court is not even required to give reasons for this decision—and the decision to make sentences consecutive is not generally subject to appeal. See K.S.A. 21-4720(b); *State v. Flores*, 268 Kan. 657, 660, 999 P.2d 919 (2000); *State v. Hawkins*, 40 Kan. App. 2d 10, 21, 188 P.3d 965, 973 (2008) (Leben, J., dissenting in part). Thus, in the ordinary case, the district judge's decision is made on a level playing field. And even if the decision were subject to appeal, the district court's decision would be upheld so long as any reasonable person might agree with it because it's a matter of discretion.

But in Wilkinson's case, a concurrent sentence could be given only if consecutive sentences would shock the conscience of the court, and that's more than a tilted playing field—the test is nearly insurmountable. Yet Wilkinson had every reason to believe that the odds were spread out evenly, not rising to the peak of a mountain. Wilkinson pled guilty in exchange for the State's recommendation of a concurrent sentence, but the manifest-injustice standard substantially undercut the value of that bargain. Wilkinson could not make an informed decision about that plea bargain without knowledge of this standard.

The State argues that Wilkinson was told that the district court could give him a consecutive sentence. While that's true, Wilkinson's decision was still not an informed one when he didn't know the substantial obstacle he'd have to overcome.

The State also argues that the district court's need to find manifest injustice "was a collateral consequence" of the plea and that it wasn't necessary to inform Wilkinson of any collateral consequence of his plea. The State is correct that a failure to inform a defendant of the collateral consequences of a plea, like the loss of driving privileges, may not be grounds to set aside a plea. See *City of Ottawa v. Lester*, 16 Kan. App. 2d 244, Syl. ¶¶ 2-3, 822 P.2d 72 (1991). But we aren't dealing with collateral consequences in Wilkinson's case; we are dealing with Wilkinson's knowledge of the manifest-injustice standard as the key to his informed appraisal of

one of only two significant promises that the State made in the plea agreement.

In Wilkinson's plea agreement, the State promised to recommend the lower of three potential sentences in the grid box, and the State promised to recommend that the sentence be concurrent to his sentence for his first possession of cocaine. Under the first promise, the State agreed to recommend that Wilkinson receive a 28-month sentence rather than one of either 30 or 32 months. Under the second promise, the State agreed to recommend that Wilkinson serve a controlling sentence of 28 months (two concurrent 28-month sentences) rather than 56 months (two consecutive 28-month sentences). The State's second promise is by far the most important of the two—unless the playing field was so tilted that it was unlikely to have any real impact. Wilkinson needed to know the applicable legal standard so he could intelligently evaluate this plea agreement.

The district court denied Wilkinson's motion without an evidentiary hearing. Wilkinson claimed in the motion that his attorney didn't tell him about the manifest-injustice standard. When the motion alleges facts that are not contained in the record and those facts, if true, would entitle the movant to relief, the motion cannot be denied without an evidentiary hearing. *State v. Holmes*, 278 Kan. 603, 629, 102 P.3d 406 (2004). Since no evidentiary hearing was held, we have unlimited review of the district court's decision. *Wilkins v. State*, 286 Kan. 971, 980, 190 P.3d 957, 967 (2008).

Because Wilkinson may be entitled to have his plea set aside if the allegations made in his motion are true, we must reverse the judgment of the district court and remand this case for an evidentiary hearing on Wilkinson's motion. If Wilkinson's attorney did not tell him about the manifest-injustice standard, then the attorney's performance fell below the standard of reasonableness. And unless Wilkinson otherwise had knowledge of that standard, he would be entitled to relief if the district court concludes from the evidence that Wilkinson would not have pled guilty and would have insisted on going to trial but for his attorney's error.

The judgment of the district court is reversed. The case is remanded for an evidentiary hearing on Wilkinson's motion.