NOT DESIGNATED FOR PUBLICATION

No. 112,826

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

KEEGAN W. TURNBALL, a/k/a
KEEGAN W. TURNBULL,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; WILLIAM SIOUX WOOLLEY, judge. Opinion filed January 15, 2016. Affirmed.

*Corrine E. Gunning*, of Kansas Appellate Defender Office, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MCANANY, P.J., POWELL, J., and DAVID J. KING, District Judge, assigned.

*Per Curiam*: Keegan W. Turnball appeals the denial of his post-sentencing motion to withdraw his guilty plea to a charge of possession of heroin. Turnball maintains that his plea was not freely and voluntarily made because his attorney failed to inform him that the statutory presumption in favor of consecutive sentences applicable to his plea could only be overcome by a showing of "a manifest injustice." Turnball also claims, for the first time on this appeal, that counsel appointed to represent him on his motion to withdraw his plea was statutorily ineffective. Finding no error, we affirm.

1

Turnball was charged with felony possession of a controlled substance, misdemeanor possession of a controlled substance, possession of drug paraphernalia, and failing to yield when emerging from an alley. At the time of the commission of the alleged offenses, Turnball was serving a term of probation in both Rooks County and Ellis County. Eventually, Turnball accepted a plea agreement, waived his preliminary hearing, and entered a guilty plea to one count of possession of heroin. The plea agreement provided that all other charges were to be dismissed and the State agreed to recommend the low number in the appropriate sentencing guidelines grid box. The plea agreement specifically provided that the State would be recommending consecutive sentences.

Because Turnball was serving a term of probation at the time of the commission of the alleged offenses, K.S.A. 2014 Supp. 21-6606(c) required the district court to sentence Turnball to consecutive sentences, unless to do so "would result in a manifest injustice." K.S.A. 2014 Supp. 21-6819(a).

Before sentencing, Turnball's counsel, Ian Clark, filed a motion for concurrent sentencing. The motion acknowledged the presumption that required consecutive sentences but requested that the court use its discretion to run the sentences concurrently. Turnball and his mother both testified at the sentencing hearing in support of his motion for concurrent sentences.

The district court denied Turnball's motion, finding that Turnball had failed to show manifest injustice, and therefore, it followed the plea agreement and sentenced Turnball to a prison term of 32 months to be served consecutive to his cases in Rooks and Ellis counties. Turnball did not appeal his sentence.

Nine months after he entered his plea, Turnball filed a pro se motion to withdraw his plea. In his motion, Turnball alleged that Clark was not competent because he had failed to inform him of possible suppression arguments regarding the search that gave rise to his underlying charges. Turnball maintained that because he was not aware of the possible suppression issues, his plea was not intelligently made. Turnball further alleged that he would not have entered a guilty plea had he been aware of these options.

The district court appointed new counsel to represent Turnball and conducted an evidentiary hearing on the motion to withdraw his plea. Turnball's newly appointed counsel, Mark Rudy, did not pursue Turnball's suppression argument and instead argued that Turnball's plea was not voluntary because Clark failed to inform him of the "manifest injustice" standard that had to be overcome in order for Turnball to receive concurrent sentences. He relied on *Wilkinson v. State*, 40 Kan. App. 2d 741, 195 P.3d 278 (2008), *rev. denied* 289 Kan. 1286 (2009).

The evidence at the hearing on the motion to withdraw the plea consisted of the testimony of Turnball and his former attorney Clark.

Turnball testified that he met with Clark three times and that he did not want to enter a plea but was willing to do so as long as he did not receive prison time in addition to what he was already serving. Turnball testified that Clark told him that he would file a motion for concurrent sentences and that the judge would go along with it. Turnball testified that Clark did not explain the burden that had to be overcome to receive concurrent sentences. Turnball further testified that he would not have pled guilty had he been aware of the standard.

On cross-examination, Turnball admitted that he knew the State was recommending consecutive sentences and also admitted that he knew they might lose their argument for concurrent sentences. Turnball further admitted that he was not upset

3

with the outcome of his sentencing hearing until he arrived at the prison, did some research, and realized that there were different ways that the case could have been handled.

Clark testified that Turnball entered into the plea agreement because he said he wanted to take responsibility for his actions. Clark testified that he discussed the terms of the plea agreement and the special rule with Turnball and that he was very clear with Turnball that the sentence would be consecutive. Clark denied ever promising Turnball that the judge would run the sentences concurrently.

On cross-examination, Clark admitted that he was not aware of the manifest injustice standard prior to filing the motion for concurrent sentences but he was aware of it at sentencing. Clark also stated that he did not believe he discussed suppression issues with Turnball.

The district court denied Turnball's motion finding that the *Wilkinson* case was distinguishable and that Turnball's testimony was not credible. Specifically, the trial judge stated:

> "Mr. Clark testified that the defendant wanted to plead guilty; he wanted to take responsibility. He wanted to get out of Sedgwick County Jail. And those were all the important factors in addition to the dismissal of the remaining counts. And the Court finds that Mr. Clark's testimony is credible with regard to that.
> " . . . [T]o the defendant's testimony that the extra time that he would have to do because these were run consecutively, . . . and that he would not have entered into the plea if he'd had a better understanding of this, the Court finds that that is not credible."

4

ANALYSIS

A defendant seeking to withdraw a plea after sentencing must show relief is necessary to correct manifest injustice. K.S.A. 2014 Supp. 22-3210(d)(2). Manifest injustice is something obviously unfair or shocking to the conscience. *State v. Kelly,* 291 Kan. 868, Syl. ¶ 3, 248 P.3d 1282 (2011). An appellate court will not disturb a district court's denial of a motion to withdraw a plea after sentencing unless the defendant establishes an abuse of discretion. *State v. Woodward,* 288 Kan. 297, 299, 202 P.3d 15 (2009).

In exercising its discretion under K.S.A. 2014 Supp. 22-3210(d), the district court should consider if (1) the defendant was represented by competent counsel; (2) the defendant was misled, coerced, mistreated, or unfairly taken advantage of; and (3) the plea was fairly and understandingly made. *State v. White,* 289 Kan. 279, 285, 211 P.3d 805 (2009).

A plea may be set aside for ineffective assistance of counsel if the defendant proves that: (1) the attorney's performance "fell below an objective standard of reasonableness" and (2) a "reasonable probability" exists that, but for the attorney's errors, "the defendant would have insisted on going to trial instead of entering the plea." *State v. Kelly,* 298 Kan. 965, 969-70, 318 P.3d 987 (2014).

A district court abuses its discretion if it rules in a way no reasonable judicial officer would under the circumstances, if it ignores controlling facts or relies on unproven factual representations, or if it acts outside the legal framework appropriate to the issue. See *Northern Natural Gas Co. v. ONEOK Field Services Co.,* 296 Kan. 906, 935, 296 P.3d 1106, *cert. denied* 134 S. Ct. 162 (2013); *State v. Ward,* 292 Kan. 541, Syl. ¶ 3, 256 P.3d 801 (2011), *cert. denied* 132 S. Ct. 1594 (2012).

5

Turnball relies on *Wilkinson* in support of his claim the district court erred in denying his motion to set aside his plea. Although *Wilkinson* does present similarities to this case, it is factually and procedurally distinguishable from this case and does not control the outcome of this appeal.

In *Wilkinson,* the defendant entered a guilty plea that subjected him to consecutive sentences. However, he entered the plea pursuant to a plea agreement that included the State's promise to recommend concurrent sentences. After he was given consecutive sentences, Wilkinson moved to withdraw his plea claiming his attorney had not advised him that the court was required to impose consecutive sentences unless he proved that to do so "would result in a manifest injustice." The district court summarily denied Wilkinson's motion without an evidentiary hearing. On appeal, this court concluded the district court erred by denying Wilkinson an evidentiary hearing on his motion to withdraw his plea. The *Wilkinson* court noted:

> "Wilkinson claimed in the motion that his attorney didn't tell him about the manifest-injustice standard. When the motion alleges facts that are not contained in the record and those facts, if true, would entitle the movant to relief, the motion cannot be denied without an evidentiary hearing. [Citation omitted]." 40 Kan. App. 2d at 746.

This case stands in a fundamentally different procedural posture than *Wilkinson.* The most significant procedural difference is the lack of an evidentiary hearing in *Wilkinson.* Without such a hearing the *Wilkinson* court acknowledged that it was not in a position to evaluate the merits of Wilkinson's claim. It was left to observe:

> "**If** Wilkinson's attorney did not tell him about the manifest-injustice standard, then the attorney's performance fell below the standard of reasonableness. And unless Wilkinson otherwise had knowledge of that standard, he would be entitled to relief *if the district court concludes from the evidence that Wilkinson would not have pled guilty and would*

6

*have insisted on going to trial but for his attorney's error*." (Emphasis added.) 40 Kan. App. 2d at 746.

In the present case, the fact the district court held an evidentiary hearing on Turnball's motion enables us to answer the critical questions the *Wilkinson* court was not able to answer; namely, (1) whether attorney Clark's performance "fell below an objective standard of reasonableness" because he failed to inform Turnball of the "manifest injustice" standard, and (2) whether Turnball would have pled guilty notwithstanding his attorney's error. See *Kelly*, 298 Kan. at 969-70.

From the evidence presented, the district judge concluded Clark did not inform Turnball of the "manifest injustice" standard. Accordingly, Clark's performance fell below the standard of reasonableness. However, the district judge went on to make specific findings that such omission did not affect Turnball's decision to plead guilty. It found Turnball's testimony that he would not have entered the plea if he'd known of the manifest injustice standard was not credible. The district judge found that the "important factors" which led to Turnball's decision to enter the guilty plea were that he wanted to "take responsibility" for his actions, "he wanted to get out of the Sedgwick County jail," and he wanted "dismissal of the remaining counts" that he otherwise faced.

It is significant that the plea agreement in *Wilkinson* was fundamentally different than the one Turnball was offered. In *Wilkinson* the State agreed to recommend concurrent sentences in exchange for the plea. The *Wilkinson* court noted repeatedly throughout its opinion the significance of this term of the plea agreement. It stated: "Wilkinson pled guilty in exchange for the State's recommendation of a concurrent sentence, but the manifest-injustice standard substantially undercut the value of that bargain." 40 Kan. App. 2d at 745.

7

In Turnball's case, a recommendation by the State in support of concurrent sentences was not part of his plea agreement. Turnball knew the State was going to recommend consecutive sentencing. Although he testified his attorney told him the judge would go along with his motion for concurrent sentences, the district judge did not find this testimony credible. Instead, he found the attorney's testimony that he did not make such a representation to Turnball to be credible.

At the hearing on Turnball's motion to withdraw his plea, Clark testified that he had advised Turnball about the special rule that required his sentences to run consecutively, and Turnball testified that he understood the terms of his plea agreement, which recommended consecutive sentences. Although it is true that Clark had not advised Turnball of the manifest injustice standard, Turnball knew that by taking the plea the State was still recommending consecutive sentences and that there was a special rule that required his sentences to be consecutive. Based on these facts, unlike *Wilkinson*, Turnball was not under the impression that he stood just as good a chance to receive concurrent sentences as he did consecutive sentences. Thus, Turnball had a reasonable understanding of the likely consequences of his plea.

We are satisfied the district court did not abuse its discretion in denying Turnball's motion to withdraw his plea. Turnball has failed to show that relief is necessary to correct manifest injustice. The district court did not issue an unreasonable or fanciful decision in finding that Turnball knowingly and voluntarily entered his plea and that Turnball's testimony was not credible. There was no error in denying the motion to withdraw Turnball's plea.

For the first time on appeal, Turnball argues that the attorney who represented him at the hearing on his motion to withdraw his plea was statutorily ineffective. Turnball claims that attorney Rudy's decision not to pursue the suppression issues raised in

Turnball's pro se motion amounted to a denial of his right to effective assistance of counsel.

Ordinarily, an appellate court will not consider an allegation of ineffective assistance of counsel raised for the first time on appeal. *State v. Dull*, 298 Kan. 832, 839, 317 P.3d 104 (2014). "[G]enerally the factual aspects of a claim of ineffective assistance of counsel require that the matter be resolved through a K.S.A. 60-1507 motion or through a request to remand the issue to the district court for an evidentiary hearing under *State v. Van Cleave*, 239 Kan. 117, 119-21, 716 P.2d 580 (1986). [Citation omitted.]" *State v. Galaviz*, 296 Kan. 168, 192, 291 P.3d 62 (2012).

Only under extraordinary circumstances will an appellate court consider a claim of ineffective assistance of counsel for the first time on appeal, *i.e.*, where there are no factual issues and the two-prong ineffective assistance of counsel test can be applied as a matter of law based upon the appellate record. *Wimbley v. State*, 292 Kan. 796, 807, 275 P.3d 35 (2010). This is not one of the rare cases that can be disposed of without district court proceedings. Consequently, we decline Turnball's invitation to take up this issue for the first time on appeal.

Affirmed.

9