NOT DESIGNATED FOR PUBLICATION

No. 114,281

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

BRANT ASHLEY GILBERT,
*Appellant*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; CHERYL RIOS, judge. Opinion filed July 1, 2016. Reversed and remanded.

*Heather Cessna*, of Kansas Appellate Defender Office, for appellant.

*Elizabeth A. Billinger*, assistant district attorney, *Chadwick J. Taylor*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, P.J., SCHROEDER, J., and JEFFREY E. GOERING, District Judge, assigned.

*Per Curiam*: After unsuccessfully arguing that his right to a speedy trial had been denied, Brant Ashley Gilbert entered into a plea agreement and pled no contest to several charges in return for the dismissal of others and a recommended sentence. In a subsequent postsentencing motion to set aside his plea, Gilbert contended his attorney incorrectly advised him that in spite of entering a plea, he would still be able to appeal the denial of his motion to dismiss his charges on speedy trial grounds. He argued that if he

1

had known he could not appeal the speedy trial issue, he would not have pled. The district court summarily denied the motion. Gilbert now appeals.

Because we find that if Gilbert's attorney did advise him that he would be able to seek appellate review of the denial of his motion to dismiss for a speedy trial violation, this advice would have been clearly erroneous and a misstatement of the law. And because the truth of Gilbert's allegation is not apparent from a review of the record before the court, the district court erred in summarily denying his motion. Gilbert is entitled to a hearing on his motion to set aside his plea.

FACTUAL AND PROCEDURAL HISTORY

Gilbert was arrested for rape, aggravated kidnapping, aggravated battery, and aggravated intimidation of a victim in case No. 10-CR-1793 after a 2-day incident during which Gilbert physically and verbally abused M.M., prevented her from leaving her house, prevented her from calling anyone for help, raped her, and threatened to kill her. On November 3, 2010, Gilbert was arraigned and a trial was set for January 31, 2011.

Days before trial, Gilbert's attorney filed a motion to withdraw representation based on a previously unrealized conflict. The district court granted the motion and appointed a new attorney to represent Gilbert on January 28. On February 3, a status conference was held. At the conference, the district court offered the parties three possible trial dates. The first two dates the district court proposed were February 14 and March 7. Gilbert's attorney felt that neither date gave her adequate time to prepare for trial. The district court's next available opening was June 27. The parties agreed to the June 27 trial setting.

2

On June 2, Gilbert filed a pro se motion to dismiss alleging that the State violated his right to a speedy trial pursuant to K.S.A. 22-3402. The district court held a hearing on the motion which it ultimately denied.

On June 16, Gilbert filed a motion for appointment of new counsel. A hearing was held and the district court granted the motion and appointed new counsel. Gilbert's trial date was again rescheduled for August 15.

In the meantime, case No. 10-CR-1793 was consolidated with a second case in which Gilbert was accused of committing crimes against M.M. The resulting amended complaint added charges of criminal restraint, battery, intimidation of a witness/preventing reporting, aggravated battery, and sexual battery.

On July 13, Gilbert entered into a plea agreement with the State. In exchange for his plea of no contest, the charges of rape and aggravated kidnapping were dropped. Gilbert was sentenced on September 8, 2011.

Gilbert appealed his sentence to this court, but the appeal was dismissed on June 16, 2014. Gilbert then timely filed a motion to withdraw his plea in the district court on November 10, 2014. The motion alleged that Gilbert's attorney provided ineffective assistance of counsel because he assured Gilbert that he would still be able to appeal the denial of his motion to dismiss for speedy trial violation after he entered a no-contest plea. The motion further alleged that manifest injustice would result if the district court denied the motion.

The district court summarily denied the motion. Gilbert now appeals.

3

Gilbert contends that the district court erred when it summarily denied his postsentencing motion to withdraw his plea. He argues that his plea was not knowingly and voluntarily made because his attorney incorrectly advised him that he would still be able to appeal the district court's denial of his motion to dismiss for a speedy trial violation if he pled no contest. Generally, this court reviews the denial of a postsentencing motion to withdraw a plea for abuse of discretion. *State v. Morris*, 298 Kan. 1091, 1100, 319 P.3d 539 (2014). However, when an appeal arises from the summary denial of a motion, this court "exercises de novo review because it has the same access to the motion, records, and files as the district court." *State v. Fritz*, 299 Kan. 153, 154-55, 321 P.3d 763 (2014).

Because Gilbert's motion was filed after sentencing, he bore the burden of demonstrating that manifest injustice would result if he was not allowed to withdraw his plea. See K.S.A. 2015 Supp. 22-3210(d)(2); *Morris*, 298 Kan. at 1100. To determine whether a defendant has demonstrated manifest injustice, courts consider three factors: "'(1) whether the defendant was represented by competent counsel; (2) whether the defendant was misled, coerced, mistreated, or unfairly taken advantage of; and (3) whether the plea was fairly and understandingly made.'" 298 Kan. at 1100 (quoting *State v. Edgar*, 281 Kan. 30, 36, 127 P.3d 986 [2006]). While these three factors, known as the *Edgar* factors, contain "'"viable benchmarks for judicial discretion,"'" courts may consider all relevant evidence when determining whether denial of a motion was appropriate. 298 Kan. at 1101.

Gilbert's primary argument falls into the first of the *Edgar* categories. While Gilbert alleges that his plea was not knowing and voluntary, the crux of his argument is that it was not knowing because his attorney misstated the law and misled him into accepting the plea deal—in other words, because his attorney provided ineffective

4

assistance of counsel. To demonstrate manifest injustice in this context, a defendant must show two things. See *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674, *reh. denied* 467 U.S. 1267 (1984); *State v. Kelly*, 298 Kan. 965, 969, 318 P.3d 987 (2014). First, the defendant must show that his or her counsel's representation was so deficient that it "fell below an objective standard of reasonableness." 298 Kan. at 969. Second, in the context of a plea withdrawal, the defendant must convince the court that but for the attorney's deficient performance he or she would have chosen to go to trial rather than accept the plea agreement. 298 Kan. at 970.

In *Wilkinson v. State*, 40 Kan. App. 2d 741, 195 P.3d 278 (2008), *rev. denied* 289 Kan. 1286 (2009), Wilkinson filed a K.S.A. 60-1507 motion alleging ineffective assistance of counsel which was summarily denied by the district court. On appeal, this court determined that the motion was properly construed as one to withdraw plea on the basis of ineffective assistance of counsel rather than a true K.S.A. 60-1507 motion. 40 Kan. App. 2d at 743-44. This court held that the district erred when it summarily denied the motion because it alleged facts related to Wilkinson's attorney's performance that were not contained in the record and that, "if true, would entitle the movant to relief." 40 Kan. App. 2d at 746. Specifically, this court found that if Wilkinson's attorney had not told him about the substantial likelihood that his sentences would be run consecutively rather than concurrently as the plea deal envisioned, then the attorney's performance fell below the standard of reasonableness. 40 Kan. App. 2d at 746. In reaching this decision, this court recognized that the attorney's failure to properly advise Wilkinson of the relevant legal standards deprived Wilkinson of the ability to make an informed decision regarding the value of State's offer. 40 Kan. App. 2d at 744-45.

In *State v. Bricker*, 292 Kan. 239, 247-48, 252 P.3d 118 (2011), our Supreme Court indicated its support for this court's finding in *Wilkinson*. Bricker filed a postsentencing motion to withdraw his plea alleging ineffective assistance of counsel, and our Supreme Court upheld the district court's denial of the motion. There, Bricker agreed

5

to plead no contest to three charges in exchange for the State recommending placement at Labette Correctional Conservation Camp (LCCC) rather than prison. Prior to sentencing, Bricker discovered he was ineligible for LCCC because he was taking several prohibited medications. After Bricker was sentenced to prison, he sought to withdraw his plea arguing that his attorney should have discussed his eligibility with him prior to the plea hearing. Additionally, Bricker argued that his attorney was ineffective because he did not advise Bricker that he could attempt to withdraw his plea until after sentencing.

The *Bricker* court found that Bricker's attorney's failure to inquire into the LCCC admissions criteria was not a significant enough lapse to constitute ineffective assistance of counsel. 292 Kan. at 250. In reaching this conclusion, the Supreme Court distinguished Bricker's situation from that of Wilkinson, reasoning that "Bricker's plea bargain . . . did [not] contain an obstacle that was almost statutorily insurmountable. More specifically, his counsel did not fail to advise him of an applicable statutory or other legal standard" as Wilkinson's counsel did. 292 Kan. at 248. Additionally, the Supreme Court made note that "the record reveals Bricker understood at all material times (1) his admission into LCCC was not guaranteed but depended upon LCCC's favorable screening; and (2) even if admitted to LCCC, he still was not *entitled* to have the court order him there." 292 Kan. at 249.

The Supreme Court found validity, however, in Bricker's argument that his attorney's failure to advise him that he could attempt to withdraw his plea prior to sentencing constituted ineffective assistance of counsel. 292 Kan. at 252. Nevertheless, the Supreme Court determined that Bricker was not entitled to have his plea withdrawn because he failed to show that there was a reasonable probability that he would have insisted on going to trial had his attorney properly advised him. 292 Kan. at 252-53.

Here, in his pro se motion to withdraw his plea, Gilbert alleged:

6

"Prior to the plea hearing, and at sentencing hearing, Mr. Gilberts [*sic*] attorney Jason Belveal advised and assured him that he would be able to have appellate review of the judges [*sic*] decision in denying his motion to dismiss due to statutory rights to a speedy trial, because of the judges [*sic*] erroneous interpretation of a statute and conclusions of how in her decision and memorandum order, it would be reviewed de novo and the appelate [*sic*] court would have unlimited review even if he plead no contest."

Gilbert also alleged that "but for counsels [*sic*] errors the defendant would not have pleaded guilty and would have insisted on going to trial."

If it is true that Gilbert's attorney repeatedly advised him that he would be able to seek appellate review of the denial of his motion to dismiss for a speedy trial violation, this advice was clearly erroneous and was a misstatement of the law similar to that in *Wilkinson*. See *Wilkinson*, 40 Kan. App. 2d at 746; see also *State v. Rodriguez*, 254 Kan. 768, 772, 869 P.2d 631 (1994) (*Rodriguez I*) (defendant waives right to speedy trial by guilty plea). Also as in *Wilkinson*, the truth of Gilbert's allegation is not apparent from a review of the record before this court.

But the State interjects here to argue that even if Gilbert's attorney provided him with erroneous advice, any error was cured by the plea agreement and the district court's discussion with Gilbert at the plea hearing of the rights he was giving up by pleading. For a plea to be valid, the defendant must have been fully informed of the consequences of entering the plea. K.S.A. 2015 Supp. 22-3210(a)(2). One such consequence is that the defendant waives the right to appeal any error not related to sentencing or to the sentencing court's jurisdiction. K.S.A. 22-3602(a).

There are several different opportunities during the plea process for a defendant to be made aware of the rights he or she is giving up when he or she enters his or her plea. The best practice is for the district court to thoroughly discuss the consequences of the

7

plea with the defendant during the plea hearing. See *State v. White*, 289 Kan. 279, 287, 211 P.3d 805 (2009). If the district court fails to do this, the error may be deemed harmless on appeal if a review of the record indicates that the defendant was advised of the consequences of his or her plea in some other way, for instance by his or her attorney or by written notice in the plea agreement. 289 Kan. at 287. Similarly, if a defendant is incorrectly advised by his or her attorney of the consequences of pleading, the error may be deemed harmless if "defense counsel's advice was countered and clarified by other sources" so that the defendant "was fully informed of the consequence of his [or her] plea." 289 Kan. at 287.

Here, the district court discussed some of the rights Gilbert had and was waiving by entering a no-contest plea. The court made specific mention of Gilbert's rights to: a jury trial, present evidence, cross-examine witnesses, to testify at trial, and to appeal "any matters that would arise at the jury trial." In response to the court's questioning, Gilbert acknowledged that he understood the rights he was waiving. Additionally, the plea agreement Gilbert signed included a paragraph entitled "Right of Appeal." That paragraph explained:

> "I understand that by entering this plea I am waiving my right to appeal on any issue other that jurisdiction of the Court or whether the sentence exceeds that permitted by law, and I further agree waiving my rights to appeal is and has been a part of the consideration for the favorable terms of this plea agreement."

Additionally, the agreement contained a paragraph recognizing:

> "This agreement contains all of the terms and conditions of the agreement between myself, my attorney, and the office of the District Attorney and there are no agreements, understandings, assurances or promises made to me, or made by anyone, not contained herein that I have considered or relied on or been influenced by in order to induce me to enter into this agreement."

8

These warnings seem insufficient to correct and clarify the erroneous advice allegedly provided by Gilbert's attorney. The discussion at the plea hearing of the rights Gilbert was waiving and the corresponding warning in the plea agreement were both vague. The discussion that took place during the plea hearing, read in the context of the court's discussion of the trial rights that were being waived, could have been understood by Gilbert to mean that he was giving up the right to appeal any errors that might take place during the trial—it is not clear from the colloquy that the right to appeal pretrial errors would also be waived. The warning in the plea agreement was more explicit. Nevertheless, the plea agreement carves out a right to appeal jurisdictional challenges—if Gilbert's attorney told him that he could still appeal his speedy trial violation after pleading, Gilbert may reasonably have believed that a speedy trial violation fell into the category of jurisdictional challenge and was thus appealable.

Having determined that the alleged erroneous advice of Gilbert's counsel was not cured during the plea hearing or by the plea agreement, it is necessary to remand this case for an evidentiary hearing unless the error was harmless. See *State v. Rodriguez*, 261 Kan. 1, 3, 927 P.2d 463 (1996) (*Rodriguez II*). In *Rodriguez II*, our Supreme Court concluded that the district court's refusal to allow Rodriguez to withdraw his plea based on its earlier erroneous advice that Rodriguez would be allowed to appeal the denial of his motion to dismiss for a speedy trial violation after he pled guilty was harmless because his right to a speedy trial had not actually been violated. 261 Kan. at 3.

Unlike in *Rodriguez II* where it was clear that the defendant's speedy trial right had not been violated, without the development of further argument from the parties, we are not willing at this stage to find that any error was harmless. We have conducted sufficient review to know it is a close call. Accordingly, absent some argument from the parties, and there is none contained in either appellate brief, we will have to leave that discussion to another day if and when it is properly before us and fully briefed.

9

Having concluded that a hearing is necessary to determine the truth of Gilbert's ineffective assistance of counsel allegation, it is necessary to reverse and remand this case for a hearing on Gilbert's motion to withdraw his plea.

Reversed and remanded.