NOT DESIGNATED FOR PUBLICATION

No. 119,274

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellant*,

v.

YUSUF J. M. AL-BURENI,
*Appellee*.


MEMORANDUM OPINION


Appeal from Montgomery District Court; F. WILLIAM CULLINS, judge. Opinion filed March 1, 2019. Sentence vacated and case remanded with directions.


*Rachel L. Pickering*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellant.


*Patrick H. Dunn*, of Kansas Appellate Defender Office, for appellee.


Before BRUNS, P.J., SCHROEDER and GARDNER, JJ.


PER CURIAM: The State of Kansas appeals from the district court's decision to order Yusuf J. M. Al-Bureni's sentence to run concurrent to his sentence in a prior case. The State contends that the sentence imposed was illegal under the Kansas Sentencing Guidelines Act (KSGA). Specifically, the State argues that K.S.A. 2017 Supp. 21-6606(d) requires the new sentence to be served consecutive to any previous sentence. For the reasons set forth in this opinion, we agree with the State's position on this issue. Thus, we vacate Al-Bureni's sentence and remand this case to the district court for resentencing.

1

On February 7, 2017, Al-Bureni was convicted of unlawful possession of a controlled substance with intent to distribute in Case No. 15 CR 422 I. While on felony bond and awaiting sentencing, a deputy from the Montgomery County Sheriff's Department stopped Al-Bureni while he was riding a bicycle. The Deputy searched Al-Bureni and found two clear baggies containing a green, leafy substance; 20 white pills with the marking M365; $741 in U.S. currency; a cell phone; a white folded piece of paper with dollar amounts and the name "big Jad"; and a GPS monitoring ankle bracelet.

The State charged Al-Bureni with multiple offenses arising out of the incident on the bicycle in Case No. 17 CR 151 I. Pursuant to a plea agreement, he entered a no contest plea to one count of distribution of 3.5 grams or more of marijuana in that case. The State dismissed the remaining counts, and the district court found him guilty of the distribution charge.

According to the presentence investigation report (PSI), Al-Bureni faced a presumptive prison term of 55 to 62 months in Case No. 17 CR 151 I. The PSI showed that Al-Bureni was subject to "Special Rule 10" because he committed the new offense while he was on felony bond in Case No. 15 CR 422 I. Under this special rule, the district court needed to run the sentence in Case No. 17 CR 151 I consecutive to the sentence imposed in Case No. 15 CR 422 I.

At sentencing, defense counsel orally moved for a durational departure. Before sentencing in this case, the district court declined to make border box findings in Case No. 15 CR 422 I. Instead, the district court imposed a prison sentence that was later modified to 105 months. Because of this ruling, defense counsel asked the district court to either order Al-Bureni's sentence to run concurrent to his existing sentence in Case No. 15 CR 422 I or to grant "a substantial durational departure in this case."

In support of his oral motion for departure, defense counsel argued that an additional prison sentence would prevent Al-Bureni from contributing to his family. Defense counsel further argued that Al-Bureni had a substance abuse problem that would be better addressed by treatment rather than incarceration. Al-Bureni personally told the district court that he had been taking classes while in prison, and that he wanted to do his time so he could get back to his family.

Defense counsel candidly acknowledged the applicable special sentencing rule and stated:

"We understand that there is a 'crime committed while on felony bond' special rule in this case. I believe the Court can make sufficient findings that despite that special rule, [Al-Bureni] does not pose a threat to the community. The Court will notice that the criminal history is comprised mostly of drug felony cases."

However, defense counsel did not argue that sentencing Al-Bureni to consecutive sentences would result in a manifest injustice to support a deviation from the statute's consecutive sentencing mandate. See K.S.A. 2017 Supp. 21-6819(a). Moreover, the district court did not mention manifest injustice in sentencing Al-Bureni in this case.

Ultimately, the district court imposed a 59-month prison sentence with a term of 36 months of postrelease supervision. Despite the information on the PSI report showing that the special sentencing rule applied, the district court ordered the sentence in this case to run concurrent with Al-Bureni's sentence in Case No. 15 CR 422 I.

In ordering the concurrent sentence, the district court judge stated:

"Given your young age and the fact that I gave you a lengthy sentence in Case No. 15 CR 422, the Court's inclined to run these sentences concurrently to one another and not consecutively to one another. To me, it's easier to run them concurrently than

3

departing, but there—in the Court's mind, there's reasons to depart. And the fact that he already is serving a lengthy sentence and he is very—of a very young age."

The State then filed a timely notice of appeal.

ANALYSIS

On appeal, the State contends that the district court imposed an illegal sentence in this case. In particular, the State argues that the district court erred when it ordered Al-Bureni's new sentence to run concurrent to his earlier sentence. The State cites K.S.A. 2017 Supp. 21-6606(d), which mandates—absent a finding of manifest injustice—that the district court must impose consecutive sentences when a defendant commits a new crime while on bond supervision.

Whether a sentence is illegal under K.S.A. 2017 Supp. 22-3504 is a question of law over which we have unlimited review. *State v. Lee*, 304 Kan. 416, 417, 372 P.3d 415 (2016). K.S.A. 2017 Supp. 22-3504(1) allows a court to correct an illegal sentence at any time, and we may consider whether a sentence is illegal for the first time on appeal. *State v. Fisher*, 304 Kan. 242, 263-64, 373 P.3d 781 (2016). An illegal sentence includes one that does not conform to the applicable statutory provision in either the character or the term of authorized punishment. *State v. Hayes*, 307 Kan. 537, 538, 411 P.3d 1225 (2018).

K.S.A. 2017 Supp. 21-6606(d) provides: "Any person who is convicted and sentenced for a crime committed while on release for a felony pursuant to article 28 of chapter 22 of the Kansas Statutes Annotated, and amendments thereto, shall serve the sentence consecutively to the term or terms under which the person was released." As is often the case, there is an exception to the mandate provided in K.S.A. 2017 Supp. 21-6606(d). In K.S.A. 2017 Supp. 21-6819(a), our Legislature provided an exception to this statutory requirement "if such application would result in a manifest injustice." So a district court may deviate from the statutorily mandated consecutive sentencing

4

requirement if it makes a finding that imposing consecutive sentences would result in a manifest injustice. See K.S.A. 2017 Supp. 21-6819(a); *State v. Fevurly*, No. 110,254, 2015 WL 967535, at *3 (Kan. App. 2015) (unpublished opinion).

Here, there is no dispute that Al-Bureni was convicted and sentenced for a new crime committed while on release for a felony. The State therefore asserts that K.S.A. 2017 Supp. 21-6606(d) mandates consecutive sentences. Nevertheless, Al-Bureni claims the State misinterprets the sentencing statutes.

We exercise unlimited review when interpreting the sentencing statutes. *State v. Warren*, 307 Kan. 609, 612, 412 P.3d 993 (2018). The most fundamental rule of statutory construction is that the intent of the Legislature governs if that intent can be ascertained. *State v. Jordan*, 303 Kan. 1017, 1019, 370 P.3d 417 (2016). When construing statutes to determine legislative intent, we consider the various provisions of an act in pari materia with a view of reconciling and bringing the provisions into workable harmony if possible. *State v. Keel*, 302 Kan. 560, Syl. ¶ 7, 357 P.3d 251 (2015).

Al-Bureni contends that the mandate provided in K.S.A. 2017 Supp. 21-6606(d) conflicts with K.S.A. 2017 Supp. 21-6604(f)(4). He suggests that both statutes address the situation of an offender who commits a crime while on felony bond. He argues that K.S.A. 2017 Supp. 21-6604(f)(4) provides the district court with discretion when deciding to impose concurrent or consecutive sentences in this situation.

K.S.A. 2017 Supp. 21-6604(f)(4) states:

> "When a new felony is committed while the offender is on release for a felony pursuant to the provisions of article 28 of chapter 22 of the Kansas Statutes Annotated, and amendments thereto, or similar provisions of the laws of another jurisdiction, a new sentence *may be imposed consecutively* pursuant to the provisions of K.S.A. 2017 Supp. 21-6606, and amendments thereto, and the court may sentence the offender to

5

imprisonment for the new conviction, even when the new crime of conviction otherwise presumes a nonprison sentence. In this event, imposition of a prison sentence for the new crime does not constitute a departure." (Emphasis added.)

The State asserts that the word "may" in K.S.A. 2017 Supp. 21-6604(f)(4) refers to the district court imposing imprisonment instead of a nonprison sentence, not whether the court may impose consecutive or concurrent sentences. Regardless, even if the language refers to whether the court decides to impose consecutive or concurrent sentences, we do not find that the permissive word "may" necessarily conflicts with the mandate in K.S.A. 2017 Supp. 21-6606(d). The language in K.S.A. 2017 Supp. 21-6604(f)(4) is more broad and includes those defendants who committed a crime while on release for a felony under the laws of another jurisdiction while K.S.A. 2017 Supp. 21-6606(d) specifically refers only to the Kansas statutes. Thus, we do not find that the language provided in K.S.A. 2017 Supp. 21-6606(d) and K.S.A. 2017 Supp. 21-6604(f)(4) conflicts.

K.S.A. 2017 Supp. 21-6606(a) through (e) specifically provides when the district court has discretion to impose concurrent and/or consecutive sentences. Subsections (a) and (b) of K.S.A. 2017 Supp. 21-6606 outline when the district court may impose either a concurrent or a consecutive sentence. Subsection (a) provides, in relevant part:

"When separate sentences of imprisonment for different crimes are imposed on a defendant on the same date, including sentences for crimes for which suspended sentences, probation or assignment to a community correctional services program have been revoked, such sentences shall run concurrently or consecutively as the court directs."

Subsection (b) provides:

"Any person who is convicted and sentenced for a crime committed while on probation, assignment to a community correctional services program, parole or conditional release for a misdemeanor shall serve the sentence concurrently with or

6

consecutively to the term or terms under which the person was on probation, assigned to a community correctional services program or on parole or conditional release, as the court directs."

In contrast, subsections (c), (d), and (e) direct the court to impose consecutive sentences. Subsection (c) provides:

"Any person who is convicted and sentenced for a crime committed while on probation, assigned to a community correctional services program, on parole, on conditional release or on postrelease supervision for a felony shall serve the sentence consecutively to the term or terms under which the person was on probation, assigned to a community correctional services program or on parole or conditional release."

Subsection (d) provides:

"Any person who is convicted and sentenced for a crime committed while on release for a felony pursuant to article 28 of chapter 22 of the Kansas Statutes Annotated, and amendments thereto, shall serve the sentence consecutively to the term or terms under which the person was released."

Finally, subsection (e)(1) provides:

"Any person who is convicted and sentenced for a crime committed while such person is incarcerated and serving a sentence for a felony in any place of incarceration shall serve the sentence consecutively to the term or terms under which the person was incarcerated."

K.S.A. 2017 Supp. 21-6606(c), (d), and (e) describe circumstances under which the district court must impose consecutive sentences, and subsection (d) mandates that the court impose consecutive sentences when a defendant is convicted and sentenced for a crime "while on release for a felony pursuant to article 28 of chapter 22 of the Kansas Statutes Annotated." The Kansas Legislature plainly designated when the district court

7

has discretion to impose concurrent sentences and when, as shown in subsection (c) through (e), the district court does not have discretion and must impose consecutive sentences.

Al-Bureni also suggests that because subsection (a) of K.S.A. 2017 Supp. 21-6606 refers to sentences of imprisonment for different crimes that are imposed on a defendant on the same date, the entire statute applies only to sentences of multiple crimes imposed on the same date. However, when the statute is read as a whole, it is evident that subsections (a) through (e) apply to different situations, and the entire statute is not restricted to multiple sentences for different crimes imposed on the same date. That specific situation is referred to explicitly in subsection (a), which is to be read and interpreted independently from the other subsections.

Finding no conflict between the statutes, we now turn to the question of whether the sentence is illegal. A review of the record reveals that Al-Bureni committed a new crime while on release for a felony. In such an instance, K.S.A. 2017 Supp. 21-6606(d) requires that a new sentence be served consecutive to the sentence in case No. 15 CR 422 I. As noted, K.S.A. 2017 Supp. 21-6819(a) provides an exception to the mandate if a manifest injustice would result if the district court imposed consecutive sentences. Here, although the district court suggested that there might be reasons to impose a lesser sentence, the district court failed to make a finding that imposing consecutive sentences would result in a manifest injustice.

In *Fevurly*, this court considered whether the district court had violated the mandated consecutive sentences as provided in K.S.A. 2017 Supp. 21-6606(d). It was noted that the manifest injustice requirement "presents quite a high hurdle" and must be considered on a case-by-case basis. 2015 WL 967535, at *3 (quoting *Wilkinson v. State*, 40 Kan. App. 2d 741, 742, 195 P.3d 278 [2008]). A sentence results in manifest injustice only when the sentence "'is obviously unfair and shocks the conscience of the court.'"

8

*Wilkinson*, 40 Kan. App. 2d at 742. Similar to the present case, the district court in *Fevurly* made no findings to support a conclusion that imposing consecutive sentences would result in a manifest injustice. This court remanded the case for resentencing. 2015 WL 967535, at *3.

Because Al-Bureni never made a manifest injustice argument to the district court, and the district court failed to make a finding of manifest injustice at sentencing, we conclude that Al-Bureni's sentence is illegal as it fails to follow the mandate provided by our Legislature in K.S.A. 2017 Supp. 21-6606(d). Although Al-Bureni argues that K.S.A. 2017 Supp. 21-6819(a) does not require the district court to make explicit findings on the record, it is the role of the district court—not an appellate court—to determine whether the manifest injustice exception applies. If Al-Bureni desires to raise this issue at his resentencing, he is free to do so. However, should the district court decide that the exception should be applied, it "should clearly state so on the record and identify the evidence upon which it relies to make such a determination." 2015 WL 967535, at *3.

Accordingly, we vacate Al-Bureni's sentence in Case No. 17 CR 151 I, and we remand this case to the district court for resentencing in accordance with the mandates of K.S.A. 2017 Supp. 21-6606(d) and K.S.A. 2017 Supp. 21-6819(a).

Sentence vacated and case remanded with directions.