NOT DESIGNATED FOR PUBLICATION

No. 120,130

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellant*,

v.

JEFFREY THOMAS MCCOWN,
*Appellee*.

MEMORANDUM OPINION

Appeal from Johnson District Court; TIMOTHY P. MCCARTHY, judge. Opinion filed August 2, 2019. Sentence vacated and remanded for resentencing.

*Jacob M. Gontesky*, assistant district attorney, *Stephen M. Howe*, district attorney, and *Derek Schmidt*, attorney general, for appellant.

*Patrick H. Dunn*, of Kansas Appellate Defender Office, for appellee.

Before BRUNS, P.J., MALONE, J., and STEVEN E. JOHNSON, District Judge, assigned.

PER CURIAM: The State appeals Jeffrey Thomas McCown's sentence following his conviction of identity theft committed while he was on felony probation in another case. The State claims that because McCown was already on probation in another felony case, the district court imposed an illegal sentence in his new case when it ordered the new sentence to run concurrent with his prior sentence. McCown cross-appeals and argues that the district court erred by increasing his sentence based on his criminal history not charged in the complaint and proven to a jury beyond a reasonable doubt. We agree with the State's claim, so we vacate McCown's sentence and remand for resentencing.

1

In November 2016, the State charged McCown with one count of identity theft and one count of obtaining a prescription-only drug in case 16CR2913. McCown was on felony probation from a 30-month sentence in case 15CR2643 when he committed the crimes in the new case. A few months later, McCown pled guilty to one count of identity theft in exchange for the State dropping the prescription drug charge.

On September 13, 2018, the district court held a joint hearing on the sentencing in 16CR2913 and the probation violation in 15CR2643. At the start of the hearing, the State reminded the district court that special rule number 9 applied requiring the district court to impose consecutive sentences because McCown committed his new crime while on felony probation. The State again reminded the district court about the special rule later in the hearing before the court imposed the sentence. After hearing arguments from counsel, the district court sentenced McCown to 13 months in prison in 16CR2913 to run concurrent with his sentence in 15CR2643. Then the district court revoked McCown's probation in 15CR2643 and ordered him to serve his underlying prison sentence in that case. Neither McCown nor the State objected to the order for concurrent sentences when the court ruled from the bench. The State timely filed a notice of appeal.

On appeal, the State argues that because McCown was already on felony probation in 15CR2643, the district court imposed an illegal sentence by ordering his new sentence in 16CR2913 to run concurrent with his sentence in the prior case. Specifically, the State argues that the district court's decision to impose concurrent sentences fails to conform to K.S.A. 2018 Supp. 21-6606(c), which renders the new sentence illegal unless the court makes a finding of manifest injustice. In response, McCown argues that the district court did not abuse its discretion by ordering the sentences in the two cases to run concurrently.

Whether a sentence is illegal is a question of law over which an appellate court has unlimited review. *State v. Trotter*, 296 Kan. 898, 902, 295 P.3d 1039 (2013). Under K.S.A. 2018 Supp. 22-3504(1), the court may correct an illegal sentence at any time. An

2

"illegal sentence" means a sentence imposed by a court without jurisdiction; that does not conform to the applicable statutory provision, either in character or punishment; or that is ambiguous with respect to the time and manner in which it is to be served at the time it is pronounced. K.S.A. 2018 Supp. 22-3504(3).

To begin with McCown argues that the State failed to preserve this issue for appeal because it did not object at the sentencing hearing after the district court imposed the concurrent sentences. Generally, issues not raised before the district court cannot be raised on appeal. *State v. Kelly*, 298 Kan. 965, 971, 318 P.3d 987 (2014). But the State points out that it argued for consecutive sentences at the hearing by twice reminding the district court that special rule number 9 applied because McCown committed his new crime while on felony probation. More importantly, the State points out that a claim that a sentence is illegal may be made for the first time on appeal. See K.S.A. 2018 Supp. 22-3504(1); *Kelly*, 298 Kan. at 975-76. We agree with the State that a claim that a sentence is illegal may be made for the first time on appeal.

The parties do not dispute that McCown was convicted and sentenced for a crime he committed while he was on probation for a felony in 15CR2643. As the State points out, K.S.A. 2018 Supp. 21-6606(c) states that "[a]ny person who is convicted and sentenced for a crime committed while on probation . . . for a felony shall serve the sentence consecutively to the term or terms under which the person was on probation." The plain language of this statute required the district court to run McCown's sentence in 16CR2913 consecutive to his sentence in 15CR2643. Because the district court failed to do so, McCown's sentence in 16CR2913 does not conform to the applicable statutory provision in terms of punishment and is illegal. See K.S.A. 2018 Supp. 22-3504(3).

But in K.S.A. 2018 Supp. 21-6819(a), our Legislature provided an exception to the statutory requirement for consecutive sentences in K.S.A. 2018 Supp. 21-6606(c) "if such application would result in a manifest injustice." In other words, a district court may

deviate from the statutorily mandated consecutive sentencing requirement if it makes a finding that imposing consecutive sentences would result in a manifest injustice. See K.S.A. 2018 Supp. 21-6819(a); *State v. Fevurly*, No. 110,254, 2015 WL 967535, at \*3 (Kan. App. 2015) (unpublished opinion).

A sentence results in manifest injustice only when it "'is obviously unfair and shocks the conscience of the court.'" *Wilkinson v. State*, 40 Kan. App. 2d 741, 742, 195 P.3d 278 (2008) (quoting *State v. Medina*, 256 Kan. 695, Syl. ¶ 1, 887 P .2d 105 [1994] ). "The manifest-injustice requirement presents quite a high hurdle." 40 Kan. App. 2d at 742. Whether a sentence is manifestly unjust must be determined on a case-by-case basis. *State v. Cramer*, 17 Kan. App. 2d 623, 636, 841 P.2d 1111 (1992).

Here, the district court did not make a manifest injustice finding when it ordered McCown to serve his sentence in 16CR2913 concurrent with his sentence in 15CR2643. Nor did McCown request such a finding. On appeal, McCown argues that K.S.A. 2018 Supp. 21-6819(a) does not require the district court to make an explicit manifest injustice finding on the record for the statute to apply, but we are not persuaded by this claim. Without an explicit finding by the district court that imposing consecutive sentences would result in a manifest injustice, the court's decision to run the sentence in 16CR2913 concurrent with the sentence in 15CR2643 does not conform to the applicable statutory provision and thus is illegal. See *Fevurly*, 2015 WL 967535, at \*3.

McCown also argues that the district court did not need to impose consecutive sentences because the court did not revoke his probation in 15CR2643 until after the court imposed the sentence in 16CR2913. He asserts that the district court could not order the sentence in 16CR2913 to run consecutive to the "nonexistent sentence" in 15CR2643. This argument has no merit. The district court sentenced McCown to 30 months' imprisonment in 15CR2643 at an earlier hearing before the district court imposed his sentence in 16CR2913. The district court simply did not revoke probation in 15CR2643

4

until after the court imposed the sentence in 16CR2913. In this situation, the district court had to order the sentences in the two cases to run consecutively absent an express finding that consecutive sentences would result in a manifest injustice.

We vacate McCown's illegal sentence in 16CR2913 and remand for resentencing. McCown is free to argue that consecutive sentences would result in a manifest injustice at his resentencing should he desire to do so. But if the district court decides the exception should be applied, it "should clearly state so on the record and identify the evidence upon which it relies to make such a determination." *Fevurly*, 15 WL 967535, at *3.

On cross-appeal, McCown argues that the district court erred by increasing his sentence based on his criminal history not charged in the complaint and proven to a jury beyond a reasonable doubt by citing *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). But he concedes the Kansas Supreme Court has decided this issue against him. See *State v. Ivory*, 273 Kan. 44, 45-48, 41P.3d 781 (2002) (finding that the use of a defendant's criminal history to enhance sentence is not unconstitutional). Because there is no indication that our Supreme Court is departing from its holding in *Ivory*, this court is duty bound to follow it. See *State v. Watkins*, 306 Kan. 1093, 1093-94, 401 P.3d 607 (2017) (reaffirming *Ivory*); *State v. Meyer*, 51 Kan. App. 2d 1066, 1072, 360 P.3d 467 (2015) (Court of Appeals duty bound to follow Supreme Court precedent).

Sentence vacated and remanded for resentencing.