NOT DESIGNATED FOR PUBLICATION

No. 122,567

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DONNITHAN MAURICE JONES,
*Appellant*.

MEMORANDUM OPINION

Appeal from Geary District Court; STEVEN L. HORNBAKER, judge. Opinion filed May 7, 2021.
Affirmed.

*James L. Latta*, of Kansas Appellate Defender Office, for appellant.

*Jason B. Oxford*, assistant county attorney, *Krista Blaisdell*, county attorney, and *Derek Schmidt*,
attorney general, for appellee.

Before HILL, P.J., BRUNS and SCHROEDER, JJ.

PER CURIAM: Donnithan Maurice Jones asks us to hold that the district court
abused its discretion when it ordered him to consecutively serve his Offender
Registration Act sentence with his heroin distribution sentence. Our review of the
circumstances leads us to hold that the court did not abuse its discretion. We affirm the
court's holding.

1

The details of the case history provide a context for our ruling. In his plea bargain with the State, Jones agreed to plead no contest to violating the Offender Registration Act. In return, the State agreed to recommend to the court that it should impose a durational departure sentence from 36 months' to 12 months' imprisonment. Before sentencing, citing K.S.A. 2019 Supp. 21-6819(a), Jones moved the court to find that imposing a consecutive sentence would create a manifest injustice. In his motion, Jones argued that he did not register his correct address because he was homeless. According to Jones, it should shock the court's conscience to impose a 36-month consecutive sentence for being homeless.

The court denied Jones' motion for a concurrent sentence, but did grant his motion for a durational departure sentence. The court imposed a 12-month prison sentence to be served consecutively to his sentence for distributing heroin.

To us, Jones argues that the district court abused its discretion when it found that imposing a consecutive sentence is not manifest injustice. In our analysis, we first explain what we cannot do and then review what we can do.

*We cannot review Jones' sentence.*

The law limits our review of Jones' sentence. Under K.S.A. 2019 Supp. 21-6820(c)(2), an appellate court shall not review "any sentence resulting from an agreement between the state and the defendant which the sentencing court approves on the record." Here, both parties agreed to a departure sentence of 12 months in prison. This means that we lack jurisdiction to consider the propriety of the 12-month sentence. But we will examine the question of manifest injustice because that is the question that is appealed and not a part of their agreement. But first we will review two sentencing statutes that come into play in this case.

2

The first is K.S.A. 2019 Supp. 21-6606(c). It directs that if a defendant commits a crime while on probation for a previous felony conviction, the resulting sentence for the new crime shall be served consecutively. Because Jones was on probation for distributing heroin when he committed this crime, that statute required the district court to order that his new sentence be served consecutively to the sentence in his prior case. The second statute provides an escape hatch in limited cases. K.S.A. 2019 Supp. 21-6819(a) allows a court to avoid the requirement of consecutive sentences for new crimes if the court finds that consecutive sentences would result in a manifest injustice. This means that if the court found that it would be an injustice to impose a consecutive sentence here, then it could impose a concurrent sentence, instead.

What is manifest injustice? Horizontal precedent teaches us that a sentence displays manifest injustice when the sentence "is obviously unfair and shocks the conscience of the court." *Wilkinson v. State*, 40 Kan. App. 2d 741, 742, 195 P.3d 278 (2008).

Our standard of review in a case in which the district court was asked to make a manifest injustice finding is whether the district court abused its discretion. *State v. Cramer*, 17 Kan. App. 2d 623, Syl. ¶ 5, 841 P.2d 1111 (1992). A judicial action constitutes an abuse of discretion if the action is

- arbitrary, fanciful, or unreasonable;
- based on an error of law; or
- based on an error of fact.

*State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011).

*The circumstances distinguish this case from a prior holding of our court.*

We recognize that a panel of this court has held that appellate courts lack jurisdiction to review a district court's denial of a manifest injustice finding in

consecutive sentencing cases. *State v. Young*, 56 Kan. App. 2d 1146, 1153, 442 P.3d 543 (Arnold-Burger, C.J., dissenting), *rev. granted* 310 Kan. 1071 (2019). The majority held that "[c]onsecutive presumptive sentences under the Kansas Sentencing Guidelines Act do not constitute sentencing departures and are not appealable." 56 Kan. App. 2d at 1153. But here, Jones received a departure sentence.

Since the court granted Jones a durational departure, his sentence is therefore subject to appeal under K.S.A. 2019 Supp. 21-6820(a). That law specifies that in general a "departure sentence is subject to appeal by the defendant or the state." Thus, we will proceed with our review of the issue Jones raises—did he show manifest injustice?

*We see no abuse of discretion here.*

The record helps us understand why the district court ruled as it did. During the sentencing hearing, Jones argued that he was just starting to get back up on his feet when "the rug got pulled out from underneath him," and he did not believe a 36-month sentence was necessary for him to rehabilitate. He argued that running the two sentences consecutively and not concurrently is a manifest injustice and should shock the conscience of the district court "that a person who becomes homeless, could end up serving three years in prison due to homelessness."

In response, the State argued that when considering Jones' criminal history between these two cases, Jones "isn't somebody who had a registration offense, who's been minding his Ps and Qs, all of sudden fell on hard times and became homeless, and now had a registration violation." This, the State argued, showed a pattern of behavior that warrants the sentences to run consecutively. The State also argued that Jones had bounced around and given conflicting information about where he was residing. The State also argued that a conversation Jones had with his mother from jail, in which Jones' mother mentioned, "you got to tell me when I need to tell police different things,"

4

showed that Jones was not just homeless and falling on hard times, but that there were more intervening causes. The State also pointed out that Jones had five other criminal convictions between the heroin conviction and the registration conviction.

Frankly, an additional year at the end of a sentence for a serious drug crime does not shock our conscience. We cannot hold that no reasonable judge would have ruled as the judge did here. We see nothing in the record that suggests the court's decision was arbitrary, fanciful, or unreasonable. There is no error of fact or law in this record. We hold that there is no manifest injustice by ordering a consecutive sentence.

We affirm.