IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 116,717

STATE OF KANSAS,
*Appellee*,

v.

MICHAEL STEVEN HAYES,
*Appellant*.

SYLLABUS BY THE COURT

1.

A district court's preliminary examination of a motion to correct an illegal sentence does not trigger the movant's right to be present. If substantial questions of law or fact are not found, the motion may be denied without a hearing at which the movant's presence would be required.

2.

Summary denial, without a hearing, of a motion to correct an illegal sentence does not run afoul of the Fourteenth Amendment's due process guarantee.

Appeal from Atchison District Court; ROBERT J. BEDNAR, judge. Opinion filed March 2, 2018. Affirmed.

*Rex L. Lane*, of Lane Law Office LLC, of Atchison, was on the brief for appellant.

*Gerald R. Kuckelman*, county attorney, and *Derek Schmidt*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

STEGALL, J.: In 1994, a jury convicted Michael Steven Hayes of first-degree murder, aggravated robbery, and conspiracy to commit robbery. The district court sentenced Hayes to life imprisonment for first-degree murder, 102 months' imprisonment for aggravated robbery, and 26 months' imprisonment for conspiracy to commit robbery. The court ordered the sentences to run consecutively. We affirmed Hayes' convictions on direct appeal. *State v. Hayes*, 258 Kan. 629, 908 P.2d 597 (1995).

In November 2015, Hayes filed a pro se motion to correct an illegal sentence, claiming the revised Kansas Sentencing Guidelines Act, K.S.A. 2016 Supp. 21-6801 et seq., precludes a first-time offender from receiving the maximum sentence. He asked the district court to run the aggravated robbery and conspiracy sentences concurrent with life imprisonment and order his release at the next parole hearing. The district court summarily dismissed the motion, finding it was without merit or legal basis.

On appeal and through appointed counsel, Hayes claims the district court was required to hold a hearing on the motion with Hayes present. He contends the failure to do so violated the plain language of K.S.A. 22-3504 and denied him the process he was due under the Fourteenth Amendment to the United States Constitution.

Questions of statutory interpretation and due process claims are subject to unlimited review. *State v. Dunn*, 304 Kan. 773, 819, 375 P.3d 332 (2016); see *State v. Swafford*, 306 Kan. 537, 543, 394 P.3d 1188 (2017). We exercise jurisdiction pursuant to K.S.A. 2017 Supp. 22-3601(b)(3). See *State v. Bailey*, 306 Kan. 393, 394-95, 394 P.3d 831 (2017).

A sentence is illegal under K.S.A. 22-3504 when: (1) it is imposed by a court without jurisdiction; (2) it does not conform to the applicable statutory provisions, either in character or punishment; or (3) it is ambiguous with respect to the time and manner in which it is to be served. *State v. Sims*, 306 Kan. 618, 620, 395 P.3d 413 (2017); see K.S.A. 2017 Supp. 22-3504(3). We have long held a K.S.A. 22-3504 motion may be summarily denied if the motion, files, and records conclusively show the defendant is not entitled to relief. *Swafford*, 306 Kan. at 543; *Makthepharak v. State*, 298 Kan. 573, 576, 314 P.3d 876 (2013) ("For more than 20 years we have instructed district courts considering a motion to correct an illegal sentence to conduct an initial examination of the motion."). Thus, "[a] person filing a K.S.A. 22-3504 motion to correct an illegal sentence is not automatically entitled to a hearing." *Swafford*, 306 Kan. at 543.

First, Hayes argues the plain language of K.S.A. 22-3504 required the district court to hold a hearing on his motion to correct an illegal sentence, at which he was entitled to be present. However, we recently rejected this precise argument in *State v. Campbell*, 307 Kan. 130, 136-37, 407 P.3d 240 (2017), and do so again today.

In *Campbell*, we noted the 2017 amendments to K.S.A. 22-3504 undercut the language upon which the defendant relied. 307 Kan. at 137. The statute now reads:

> "Unless the motion and the files and records of the case conclusively show that the defendant is entitled to no relief, the defendant shall have a right to a hearing, after reasonable notice to be fixed by the court, to be personally present and to have the assistance of counsel in any proceeding for the correction of an illegal sentence." K.S.A. 2017 Supp. 22-3504(1).

The new language reflects the summary denial procedure we have long upheld for a motion to correct an illegal sentence. But, because the 2017 amendments were not in

effect when Hayes' motion was considered below, we construe the old version of the statute. See 307 Kan. at 137.

In *Campbell*, we construed K.S.A. 22-3504 as previously written and held a district court's preliminary examination of a motion to correct an illegal sentence does not trigger the movant's right to be present and "[i]f substantial questions of law or fact are not found, the motion may be denied without a 'proceeding'—i.e., a hearing at which the movant's presence would be required." 307 Kan. at 137. We reiterate these holdings and likewise conclude that Hayes "had no right to be present for the court's preliminary review or to demand a hearing at which he could be present." 307 Kan. at 137.

Second, Hayes contends the summary denial procedure violates the due process clause of the Fourteenth Amendment. This argument is foreclosed by our recent holding in *Swafford*: "Without running afoul of due process, a district court has the authority to summarily deny a K.S.A. 22-3504 motion to correct an illegal sentence without a hearing." 306 Kan. 537, Syl. ¶ 5. Hayes provides no compelling reason to depart from such precedent.

Accordingly, we conclude Hayes had no right to a hearing or to be present for the district court's preliminary review of his motion to correct an illegal sentence and affirm the summary denial.

Affirmed.