NOT DESIGNATED FOR PUBLICATIONS

No. 119,675

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

LARRY JAY COMSTOCK,
*Appellant.*

MEMORANDUM OPINION

Appeal from Shawnee District Court, CHERYL A. RIOS, judge. Opinion filed March 29, 2019. Sentence vacated and case remanded with directions.

*Joseph A. Desch*, of Law Office of Joseph A. Desch, of Topeka, for appellant.

*Natalie Chalmers,* assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before BRUNS, P.J., MALONE and POWELL, JJ.

POWELL, J.: The law can be a demanding task master, and this case is a good example of why that is so. Larry Jay Comstock appeals the district court's denial of his motion to correct an illegal sentence, claiming, among other things, that the district court wrongly designated his primary crime at sentencing, creating an illegal sentence. In response, the State asserts his sentence is not illegal as the district court merely misspoke or that simply correcting the primary crime will not change the length of Comstock's sentence.

1

Under Kansas' sentencing statutes, in multiple conviction cases, the sentencing court must designate a primary crime and that crime must be the most severe one, with some exceptions. Another feature of our sentencing law is that the sentence imposed is the one announced by the court from the bench, not the sentence contained in the journal entry. Where they conflict, the sentence announced from the bench controls.

Here, the journal entry reflects a legal sentence with the highest severity level crime designated as the primary crime. However, our review of the sentencing transcript finds that the district court likely misspoke and created an illegal sentence when it improperly designated Count 2, which was not the highest severity level crime, as the primary crime during the sentencing hearing. While correction of the primary crime may not alter the length of Comstock's overall sentence, that does not make the sentence legal. Moreover, Comstock is entitled to be present when the district court imposes a legal sentence. Thus, we must vacate Comstock's sentence and remand for resentencing.

FACTUAL AND PROCEDURAL BACKGROUND

This is Comstock's third appeal in this case. Highly summarized, in the first appeal, another panel of this court vacated his sentence and ordered the district court to inquire whether Comstock knowingly and voluntarily waived his right to counsel at sentencing. *State v. Comstock*, No. 107,467, 2013 WL 1234224, at *4 (Kan. App. 2013) (unpublished opinion).

Back before the district court, Comstock sought to withdraw his original plea, which the district court allowed, and Comstock was permitted to enter a plea of no contest based on the third amended complaint filed by the State. According to the new plea agreement, in exchange for Comstock's plea, the State agreed to recommend a 240-month sentence—147 months in prison for Count 1, attempted sexual exploitation of a child under the age of 14, a severity level 1 person felony; and 31 months in prison for

2

each of three counts of sexual exploitation of a child (Counts 2, 3, and 4), a severity level 5 person felony. The State also agreed not to file additional charges concerning other image files in Comstock's possession. On August 7, 2014, the district court sentenced Comstock to 147 months in prison for Count 1 and 31 months in prison for each of the other three counts. The district court ordered the sentences for Counts 1, 2, and 3 to run consecutive to each other with the Count 4 sentence to run concurrent, for a total sentence of 209 months in prison. The district court also imposed lifetime postrelease supervision.

Comstock again appealed, arguing the district court's imposition of lifetime postrelease supervision violated his constitutional rights. On March 3, 2017, another panel of this court held that the district court did not err in imposing lifetime postrelease supervision and affirmed. *State v. Comstock*, No. 115,589, 2017 WL 840273, at \*2 (Kan. App. 2017) (unpublished opinion).

On February 12, 2016, while his second appeal was pending, Comstock filed a pro se motion to correct an illegal sentence, claiming the district court imposed an illegal sentence because it was not permitted to impose consecutive sentences greater than double the base sentence. Comstock alleged that because the district court had designated Count 2 as the primary crime and the sentence he received for that count was 31 months, his overall sentence of 209 months exceeded the maximum 62 months allowed by law.

After Comstock's second appeal was completed, the State then moved to dismiss Comstock's motion to correct illegal sentence, arguing that because the primary crime was determined by statute and the district court lacked the power to unilaterally "decide" which count constituted the primary crime, Comstock's sentence was not illegal. Alternatively, the State argued the district court simply misspoke and the context of the district court's comments and sentence evidenced that Count 1 was the primary crime, meaning that Comstock's base sentence was 147 months and not 31 months, thus the overall sentence of 209 months did not exceed twice the base sentence.

On October 5, 2017, in a written memorandum decision, the district court denied Comstock's motion to correct an illegal sentence. It concluded that K.S.A. 21-4720(b)(1)-(2), which was applicable because Comstock committed his crimes before July 1, 2010, mandated that the primary crime for sentencing purposes be the crime with the highest severity level. In light of the statute's clear directive, the district court agreed with the State that Count 1 had to be the primary crime as a matter of law because it was a severity level 1 person felony while the other counts, including Count 2, were severity level 5 person felonies. The district court determined that its "inadvertent misstatement" designating Count 2 as the primary crime could not alter the legal requirement that Count 1, as the highest severity level crime, had to be designated as the primary crime.

Additionally, the district court reasoned that even if Comstock were correct that the oral statement *did* designate Count 2 as the primary crime, there would be no effect on Comstock's actual sentence. Even though the sentence pronounced from the bench—not the written journal entry—is the controlling sentence, Comstock's only remedy would be to require the district court to designate Count 1 as the primary crime, which when done would not change his original sentence.

Comstock timely appeals.

DID COMSTOCK RECEIVE AN ILLEGAL SENTENCE?

On appeal, Comstock repeats his claim that the district court's sentence is illegal because the overall sentence imposed violates the sentencing statute which prohibits an overall sentence to exceed double the base sentence. Comstock claims that because the district court designated Count 2 as the primary crime and his sentence of 31 months for that count constituted his base sentence, his overall sentence of 209 months violated the maximum allowable sentence of 62 months under the statute. Comstock also argues that his sentence is illegal because the district court improperly designated Count 2, which

4

was not his most severe offense, as his primary crime. Under either theory, he argues he is entitled to be resentenced.

An illegal sentence is

"'(1) a sentence imposed by a court without jurisdiction; (2) a sentence that does not conform to the applicable statutory provision, either in the character or the term of the authorized punishment; or (3) a sentence that is ambiguous with respect to the time and manner in which it is to be served.' [Citations omitted.]" *State v. Gray*, 303 Kan. 1011, 1014, 368 P.3d 1113 (2016).

See K.S.A. 2018 Supp. 22-3504(3).

"Whether a sentence is illegal under K.S.A. 22-3504 is a question of law" over which we exercise unlimited review. *State v. Lee*, 304 Kan. 416, 417, 372 P.3d 415 (2016).

Comstock's crimes antedate the 2010 Kansas criminal code recodification, and therefore, the district court used K.S.A. 21-4720 in sentencing. K.S.A. 21-4720 (now K.S.A. 2018 Supp. 21-6819) contains two provisions relevant to our discussion. First, the statute requires that in multiple conviction cases, the sentencing court must "establish a base sentence for the primary crime. The primary crime is the crime with the highest severity ranking." K.S.A. 21-4720(b)(2). Second, "[t]he total sentence imposed in a case involving multiple convictions . . . cannot exceed twice the base sentence." K.S.A. 21-4720(b)(4); see *State v. Redick*, 307 Kan. 797, 808-09, 414 P.3d 1207 (2018) (statute referred to as "double rule").

Here, Comstock was convicted in Count 1 of attempted sexual exploitation of a child under the age of 14, a severity level 1 person felony, while Counts 2, 3, and 4—sexual exploitation of a child—were severity level 5 person felonies. As the highest severity level ranking is the crime with the lowest level number, Count 1—a severity

5

level 1 person felony—has the highest severity level ranking and should have been designated as the primary crime. The journal entry properly reflects that Count 1 was designated as the primary crime and that a 147-month prison sentence was imposed for that crime. It also shows that a 31-month prison sentence was imposed for Counts 2, 3, and 4 each. The district court ordered the sentences for Counts 1, 2, and 3 to run consecutive to each other with the sentence for Count 4 to run concurrent, for a total term of incarceration of 209 months. There was nothing illegal about the sentence contained in the journal entry.

However, "[a] criminal sentence is effective upon pronouncement from the bench; it does not derive its effectiveness from the journal entry. A journal entry that imposes a sentence at variance with that pronounced from the bench is erroneous and must be corrected to reflect the actual sentence imposed." *Abasolo v. State*, 284 Kan. 299, Syl. ¶ 3, 160 P.3d 471 (2007). This is how the district court pronounced the sentence from the bench:

> "At this time the Court is ready to proceed to sentence, and for Count 1 the Court is going to impose a term of 147 months which is the mitigated number with the Kansas Secretary of Corrections for Count 1. The Court will impose a term of 31 months with Kansas Secretary of Corrections for each of Counts 2, 3 and 4 with the Kansas Secretary of Corrections. Those will run—what I will do is, I will run Counts 1, 2 and 3 consecutive with one another. I will run Count 4 concurrent to the remaining counts. *The base crime in this case would be Count 2, because Count 2 is the, is the high sentence if you impose the life, lifetime post release which there would be in this case for the reasons that I just set forth.*" (Emphasis added.)

It is apparent that the district court's oral pronouncement declares *Count 2 not Count 1* as the primary crime, although the district court incorrectly referred to it as the "base crime." However, the remainder of the sentence orally pronounced appears to be accurately reflected in the journal entry.

6

Consistent with the district court's reasoning denying Comstock's motion, the State argues that the district court's entire sentencing pronouncement provides substantial contextual evidence that the district court *intended* Count 1 to serve as the primary crime. First, the journal entry reflects the correct and legal sentence. Second, shortly after imposing sentences of 147 months for Count 1 and 31 months for Count 2, the district court designated Count 2 as the primary crime "because Count 2 is the . . . high sentence," suggesting that the district judge merely misspoke. Third, by operation of law, the primary crime had to be Count 1—the higher severity level crime—making the district court's intent clear despite the district court's misstatement. See K.S.A. 21-4720(b)(2). We disagree.

Another panel of our court, in *State v. Cabrera-Sanchez*, No. 112,588, 2016 WL 197805, at *10 (Kan. App. 2016) (unpublished opinion), held that the district court's oral imposition of lifetime postrelease supervision from the bench for an off-grid indeterminate life sentence created an illegal sentence despite the fact that the law did not allow for such a sentence and it was corrected in the journal entry. Stated the panel:

> "[T]he oral pronouncement of a sentence controls over a subsequent written journal entry. Our Supreme Court has recognized that where the oral pronouncement is correct but the journal entry of sentencing wrong, a nunc pro tunc correction is proper. But where part of the oral sentence imposed is incorrect, our Supreme Court has . . . simply vacated that portion of the court's oral sentence [that was illegal]." 2016 WL 197805, at *10.

Our reading of the transcript of the district court's oral sentence from the bench finds that it clearly declared Count 2 as the primary crime. Because the erroneous oral pronouncement trumps the correct written journal entry, the oral pronouncement of the incorrect count as the primary crime created an illegal sentence. See K.S.A. 2018 Supp. 22-3504(3); *Redick*, 307 Kan. at 809 (designation of wrong crime as primary crime created illegal sentence); *State v. Owens*, No. 117,317, 2018 WL 5851529, at *9 (Kan. App. 2018) (unpublished opinion) (same), *petition for rev. filed* December 6, 2018. Even

7

when viewing the district court's statement in the context of the entire sentence, as the State asks us to do, the sentence is at best ambiguous because it designates Count 2 as the primary crime, yet the remainder of the sentence proceeds as if Count 1 were the primary crime. See *Central Natural Resources v. Davis Operating Co.*, 288 Kan. 234, 245, 201 P.3d 680 (2009) (finding wording ambiguous where susceptible to more than one meaning). An ambiguous sentence is also an illegal sentence. *State v. Hayes*, 307 Kan. 537, 538, 411 P.3d 1225 (2018).

Given that the district court's incorrect designation of the primary crime makes Comstock's sentence illegal, the question is the proper remedy. The State argues that the district court's denial of Comstock's motion was proper because a correction of the primary crime would not require an alteration of his sentence. The problem with the State's argument is that just because a sentence is within the proper sentencing guidelines range does not make the sentence legal. See *State v. Hankins*, 304 Kan. 226, 238, 372 P.3d 1124 (2016). Moreover, a defendant has the right to be present when the district court imposes a legal sentence from the bench. See *State v. Hall*, 298 Kan. 978, 987-88, 319 P.3d 506 (2014) (sentencing a critical stage which requires defendant's presence in open court unless waived). Accordingly, the district court's incorrect pronouncement of the primary crime requires resentencing, even if it may not actually alter the ultimate sentence imposed.

Sentence vacated and case remanded for resentencing.