NOT DESIGNATED FOR PUBLICATION

No. 120,087

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

FAYVUN MANNING,
*Appellant*.


MEMORANDUM OPINION

Appeal from Wyandotte District Court; R. WAYNE LAMPSON, judge. Opinion filed May 24, 2019. Affirmed.

*Fayvun Manning*, appellant pro se.

*Ethan Zipf-Sigler*, assistant district attorney, *Mark A. Dupree Sr.*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before BUSER, P.J., PIERRON and BRUNS, JJ.


PER CURIAM: In 1999, a jury convicted Fayvun Manning of aggravated battery and the district court sentenced him to 162 months in prison. The district court ordered that Manning serve the sentence consecutive to his sentence for felony murder and aggravated robbery committed the day after he committed the aggravated battery in this case. Many years later, Manning filed a motion to correct illegal sentence, which was summarily denied by the district court. For the reasons stated in this opinion, we conclude that the district court did not impose an illegal sentence by ordering consecutive sentences. Thus, we affirm.

1

This appeal involves crimes committed by Manning over the course of two days in Wyandotte County. On Christmas Day in 1997, Manning shot Rodofo Davila multiple times during a failed robbery attempt. See *State v. Manning*, No. 84,047, unpublished opinion filed December 8, 2000, slip op. at 2 (Kan. App.). The next day, Manning shot and killed Beverly Chatmon during a robbery at a liquor store where she worked. See *State v. Manning*, 270 Kan. 674, 676, 19 P.3d 84 (2001).

On September 11, 1998, a jury convicted Manning of one count of first-degree felony murder and one count of aggravated robbery for the crimes occurring on December 26, 1997. The district court ordered him to serve consecutive sentences of life without the possibility of parole for 15 years for the felony murder and 51 months for the aggravated robbery, to run consecutive to the life sentence. 270 Kan. at 681. The Kansas Supreme Court affirmed his convictions on appeal. 270 Kan. at 702.

On June 30, 1999, Manning was convicted of one count of aggravated battery for the Christmas Day shooting of Davila. At sentencing, Manning asked the district court to impose a sentence that would run concurrent to his sentence in the case involving the robbery and felony murder of Chatmon. The district court denied Manning's request, sentencing him to 162 months in prison and ordering his sentence to run consecutive to the sentence in the Chatmon case.

In rejecting Manning's request for a concurrent sentence, the district court found:

"I have a vivid recollection of the facts of this case, and the conduct of the defendant. . . . [T]he acts in themselves of the defendant which the jury found that he committed were— were brutal. They were apparently premeditated. They were senseless, and the defendant—the victim was shot five times, as I recall. It probably is a miracle that he survived. He said one bullet missed his spine by a couple inches. That was his

testimony—medical testimony, but this is behavior that obviously can't go tolerated, but I think it's my duty within the parameters of the law that I'm able to—that I impose a sentence which protects society as much as possible . . . . That's the aggravated; that's based upon the conduct of the defendant during the course of the commission of this crime and the aggravation of it. The—it was not provoked or whatever in any way by the victim, and just a senseless act that I now hear from Mr. Davila that is probably going to cause him pain and physical problems the rest of his life. And he's not an old man certainly by any degree. Also, because of the facts of the crime itself, this sentence will be ordered to run consecutive to that previously imposed in Case Number 97 CR 2549."

The motion that is the subject to this appeal is a motion to correct illegal sentence filed on April 26, 2018, in the Davila case. In his motion, Manning essentially argued that the district court did not have the statutory authority to order his sentence in the Davila case to run consecutive to his sentence in the Chatmon case. Manning also complained that his convictions in the Chatmon case were already accounted for in his criminal history score when he was sentenced in the Davila case. Manning filed an amended motion on August 6, 2018, which did not include any substantive changes.

On August 14, 2018, the district court summarily denied Manning's motion to correct illegal sentence. The district court noted that Manning had a history of requests for relief under K.S.A. 60-1507, and the court ruled that his motion could be denied as successive. In addition, the district court stated that it was within the discretion of the sentencing judge to impose consecutive sentences. The district court also denied an earlier motion filed by Manning, but it is not at issue in this appeal.

ANALYSIS

On appeal, Manning contends that the district court erred in dismissing his motion to correct illegal sentence. K.S.A. 2018 Supp. 22-3504(1) provides that a court may correct an illegal sentence at any time. The Kansas Supreme Court has defined an illegal sentence as: (1) a sentence imposed by the court without jurisdiction; (2) a sentence that does not conform to the applicable statutory provision, either in the character or the term of authorized punishment; or (3) a sentence that is ambiguous with respect to the time and manner in which it is to be served. *State v. Hayes*, 307 Kan. 537, 538, 411 P.3d 1225 (2018); see K.S.A. 2018 Supp. 22-3504(3).

Manning argues that his sentence in the Davila case was not statutorily authorized. Specifically, he argues that there is no applicable statutory provision under the Kansas Sentencing Guidelines Act (KSGA), K.S.A. 21-4701 et seq., to allow a district court to order a sentence in one case to run consecutively to a sentence in a prior case. Whether a sentence is illegal within the meaning of K.S.A. 2018 Supp. 22-3504 is a question of law over which we exercise unlimited review. *State v. Lee*, 304 Kan. 416, 417, 372 P.3d 415 (2016).

Here, even though the crimes occurred just a day apart, the crimes were charged, tried, and sentenced separately. Likewise, the district court did not sentence Manning in the Davila and Chatmon cases on the same day. Manning also did not commit the crimes in one case while on parole in the other case. Nevertheless, we find as a matter of law that Manning's sentence is not illegal based on the Kansas Supreme Court's decision in *State v. Quested*, 302 Kan. 262, 352 P.3d 553 (2015).

In *Quested*, our Supreme Court reviewed judicial discretion to impose concurrent or consecutive sentences under a similar situation. In that case, the defendant was sentenced to consecutive sentences in two separate criminal cases that arose from two

separate charging documents in two different counties. In addition, the defendant was sentenced on separate dates. The defendant argued that his sentence was illegal because there was not a statutory provision expressly authorizing consecutive sentences in such a circumstance. Our Supreme Court found that no statute authorized or prohibited the imposition of such a sentence, but because the "legislative silence creates an ambiguity," our Supreme Court decided to follow common law. 302 Kan. at 268.

Additionally, the Kansas Supreme Court recognized that the district courts have always had the authority to impose consecutive sentences under the common law even where the statutes are silent on the matter. 302 Kan. at 283. Our Supreme Court reasoned that

"[i]f a statute covers a subject matter, it controls. Further, any common-law rule contrary to legislative policy is invalid even if a statute is silent on the subject matter . . . . But to say that statutes control sentencing to the total exclusion of common law is contrary to [caselaw], to . . . legislative history . . . and the sentencing guidelines." 302 Kan. at 281.

Thus, the majority concluded in *Quested* that

"in the absence of a statute directly speaking to the issue, to rely on over a century of this court's caselaw regarding adult criminal sentencing in which this court has recognized that Kansas judges have the discretion to order either a consecutive or concurrent sentence as long as doing so is consistent with legislative policy." 302 Kan. at 285.

Other than the fact that both of Manning's sentences were imposed in one county instead of two, we find this case to be analogous to *Quested*. We find no reason why the rationale articulated by the majority in *Quested* would not equally apply to consecutive sentences in separate cases occurring in the same county. Moreover, as noted by the majority in *Quested*, "if we were to simply mandate a concurrent sentence when no statute compels that result, we would necessarily have to supply words the legislature did not write." 302 Kan. at 284-85.

In his brief, Manning fails to discuss—much less distinguish—the Kansas Supreme Court's decision in *Quested* from the facts of this case. We note that since the *Quested* decision was handed down in 2015, the Kansas Legislature has not taken any action to suggest disagreement with the holding in *Quested* that sentencing courts in Kansas have the discretion to impose either a consecutive or concurrent sentence so long as doing so is consistent with legislative policy. This is significant because if our Legislature desired to change the law, it has had several years in which to do so. See *Quested*, 302 Kan. at 278 ("The doctrine of stare decisis is particularly compelling in cases where, as here, the legislature is free to alter a statute in response to court precedent with which it disagrees but declines to do so."). We also note that both our Supreme Court and panels of this court have continued to cite *Quested* in appellate decisions. See, e.g., *Kudlacik v. Johnny's Shawnee, Inc.*, No. 115,869, 2019 WL 2063917, at *6 (Kan. 2019); *Ed DeWitte Ins. Agency v. Financial Assocs. Midwest*, 308 Kan. 1065, 1071, 427 P.3d 25 (2018); *State v. Robinson*, 56 Kan. App. 2d 567, 575, 434 P.3d 232 (2018).

Manning suggests that the district court either did not understand or properly exercise its discretion in imposing consecutive sentences. However, we find no indication of this based on our review of the record. Rather, the district court explicitly recognized that it was exercising its judicial discretion by imposing consecutive sentences based on the circumstances presented. The district court did not express any confusion as to its authority or its discretion to do so nor did it give any indication that it believed a consecutive sentence was required.

Finally, Manning attempts to challenge his criminal history score. However, his argument is not actually a challenge to either his criminal history or the calculation of his criminal history score. Rather, he argues that because the crimes he committed in the Chatmon case were already taken into account in his criminal history score in the Davila case, the district court could not also impose consecutive sentences. Nevertheless, for the

6

reasons set forth above, we find that the district court had the discretion to impose consecutive sentences under the circumstances presented.

Consequently, we hold that Manning's sentence is not illegal. In particular, we find that the district court properly exercised its judicial discretion in ordering his sentence in the Davila case to run consecutive to his sentences in the Chatmon case. We, therefore, affirm the district court's decision to summarily deny Manning's motion to correct an illegal sentence.

Affirmed.