NOT DESIGNATED FOR PUBLICATION

Nos. 119,888
119,889

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

KEVIN DEON LOGGINS SR.,
*Appellant.*


MEMORANDUM OPINION

Appeal from Sedgwick District Court; WARREN M. WILBERT, judge. Opinion filed July 31, 2020. Affirmed.

*Kevin D. Loggins Sr.*, appellant pro se.

*Boyd K. Isherwood* and *Lance J. Gillett*, assistant district attorneys, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before ARNOLD BURGER, C.J., BRUNS and SCHROEDER, JJ.


PER CURIAM: Kevin D. Loggins—an inmate at the Hutchinson Correctional Facility—appeals the district court's summary denial of his fourth motion to correct illegal sentence under K.S.A. 22-3504. On appeal, Loggins contends that the district court erred in summarily denying his motion to correct illegal sentence. Based on our review of the record, we conclude that the issue presented in Loggins' motion was previously decided against him by this court. Furthermore, we conclude that the other two issues that Loggins raises for the first time on appeal were also previously raised and

1

rejected by this court. Thus, we affirm the district court's summary denial of Loggins' motion to correct illegal sentence.

FACTS

On February 28, 1996, a jury convicted Loggins of two counts of aggravated kidnapping and two counts aggravated robbery. In addition, the jury convicted him of aggravated burglary, aggravated sexual battery, and criminal possession of a firearm. Later, the district court convicted Loggins of aggravated robbery and criminal possession of a firearm at a bench trial held on April 5, 1996. He was subsequently sentenced to prison for a total of 463 months in the two cases.

In his direct appeal, a panel of this court reversed one count of Loggins' aggravated kidnapping convictions but affirmed the remaining convictions in both cases. On July 8, 1998, the Kansas Supreme Court denied Loggins' petition for review and a mandate was issued. See *State v. Loggins*, No. 77,106, 1998 WL 328425 (Kan. App. 1998) (unpublished opinion). The reversal of one of his convictions did not alter the length of Loggins' incarceration because the district court had imposed concurrent sentences on the two aggravated kidnapping convictions.

Since his direct appeal, Loggins has filed numerous motions challenging his convictions and sentence. Relevant to this appeal, Loggins has previously filed three unsuccessful motions to correct an illegal sentence under K.S.A. 22-3504. See *State v. Loggins*, No. 105,950, 2012 WL 2045362 (Kan. App. 2012) (unpublished opinion); *State v. Loggins*, No. 103,345, 2011 WL 3795236 (Kan. App. 2011) (unpublished opinion); *State v. Loggins*, No. 90,171, 2004 WL 1086970 (Kan. App. 2004) (unpublished opinion). In addition, he has filed multiple unsuccessful K.S.A. 60-1507 motions over the years. See *Loggins v. State*, No. 121,019, 2020 WL 3113183 (Kan. App. 2020) (unpublished opinion); *Loggins v. State*, No. 116,716, 2019 WL 4126472 (Kan. App.

2

2019) (unpublished opinion); *Loggins v. State*, No. 114,579, 2016 WL 4413504 (Kan. App. 2016) (unpublished opinion); *Loggins v. State*, No. 101,435, 2010 WL 2217105 (Kan. App. 2010) (unpublished opinion); *Loggins v. State*, No. 94,723, 2007 WL 2080359 (Kan. App. 2007) (unpublished opinion).

On January 29, 2018, Loggins filed his fourth pro se motion to correct an illegal sentence pursuant to K.S.A. 22-3504, which is the subject of this appeal. In the State's response filed on March 5, 2018, it asserted that issues raised in the motion were barred by res judicata. Specifically, the State asserted:

> "[Loggins] recognizes that he is attempting to relitigate issues that were resolved against him by both this court in 2002 and then the appellate courts in 2004, but he claims that he can relitigate the issues because a motion to correct illegal sentence under K.S.A. 22-3504 can be raised at any time and is not trumped by the doctrine of res judicata. Defendant is mistaken and not entitled to relief."

On April 16, 2018, the district court summarily denied Loggins' motion to correct an illegal sentence. In doing so, the district court "adopt[ed] the [S]tate's response as its findings of fact and conclusions of law." Subsequently, the district court also denied a motion to reconsider filed by Loggins. Thereafter, Loggins timely appealed to this court.

ANALYSIS

On appeal, Loggins contends that the district court erred in summarily denying his motion to correct illegal sentence. An illegal sentence is a sentence imposed by a court that lacks jurisdiction; a sentence that does not conform to the applicable statutory provisions, either in character or the length of the punishment authorized; or a sentence that is ambiguous concerning the time and manner in which it is to be served. K.S.A. 2019 Supp. 22-3504(c); see *State v. Hayes*, 307 Kan. 537, 538, 411 P.3d 1225 (2018). A

3

sentence must meet this definition to be classified an illegal sentence. *State v. Gayden*, 281 Kan. 290, 293, 130 P.3d 108 (2006).

Moreover, if the motion, files, and records of the case conclusively show the defendant is not entitled to relief, the motion may be denied summarily without a hearing. *State v. Moncla*, 301 Kan. 549, 551, 343 P.3d 1161 (2015). Whether a sentence is illegal within the meaning of K.S.A. 22-3504 is a question of law over which our review is unlimited. *State v. Lee*, 304 Kan. 416, 417, 372 P.3d 415 (2016). Further, when a district court summarily denies a motion to correct illegal sentence, we apply a de novo standard of review. *State v. Gray*, 303 Kan. 1011, 1014, 368 P.3d 1113 (2016).

"The doctrine of res judicata applies to motions to correct an illegal sentence filed pursuant to K.S.A. 22-3504(1). Such motions cannot be used as a vehicle to breathe new life into appellate issues previously determined adversely to the movant." *State v. Martin*, 294 Kan. 638, Syl. ¶ 2, 279 P.3d 704 (2012). Similarly, under the law-of-the-case doctrine, issues that have been finally decided in prior appeals in the same case are generally not to be reconsidered. *State v. Parry*, 305 Kan. 1189, 1195, 390 P.3d 879 (2017). In other words, litigants are not entitled to have their cases decided on a piecemeal basis but must proceed in accordance with the mandates and legal rulings as established in previous appeals. 305 Kan. at 1195.

A review of the record reveals that the only issue presented in Loggins' motion to correct illegal sentence is whether the district court erred in treating his convictions in two prior cases—which he suggests were effectively consolidated—as separate offenses for the purposes of determining his criminal history. As the State accurately points out, this issue was previously decided by this court in Loggins' 2004 appeal. In particular, the panel hearing that appeal found:

4

"Despite Loggins' assertions to the contrary, his cases remained separate even though the trial court originally set both for trial on the same day. The cases were tried a month apart. Nevertheless, had both cases gone to trial on the same day, one case would have been a jury trial, while the other would have been a trial to the bench. Clearly, the cases were never 'joined for trial,' as was required to prevent them from being prior convictions under K.S.A. 21-4710(a). The fact the court set the cases for sentencing on the same date, likewise, did not prevent them from being prior convictions for purposes of Loggins' criminal history.

"Each of Loggins' cases met the definition of prior conviction as stated in K.S.A. 21-4710(a). Accordingly, the trial court properly included Loggins' convictions from case No. 95CR1859 in his criminal history for case No. 95CR1616 and vice versa. See K.S.A. 21-4710(d)(11); 259 Kan. at 115, 911 P.2d 159." *Loggins*, 2004 WL 1086970, at *6, *rev. denied* Sept. 15, 2004.

In this appeal, Loggins does not dispute that he previously raised this issue in his 2004 appeal, nor does he dispute that the prior panel rejected his argument. Nevertheless, he seeks to relitigate the issue even though the Kansas Supreme Court denied his petition for review in the 2004 appeal and a mandate was issued. See *Loggins*, 2004 WL 1086970, *rev. denied* Sept. 15, 2004. In doing so, Loggins suggests that the 2004 opinion issued by a panel of this court was erroneous. However, we do not find any reason to second-guess the panel's analysis and we deny Loggins' invitation to revisit this issue.

We also note that Loggins raises two additional issues for the first time on appeal that were not set forth in his motion to correct illegal sentence. Both of these issues relate to the disparity between his sentence and those received by his codefendants. He suggests that this disparity resulted in manifest injustice. A review of the opinion in the 2004 appeal reveals that Loggins argued that "the disparity renders his sentence to be cruel and unusual." However, the panel found that Loggins did not come forward with a sufficient record to establish that the disparity constituted an illegal sentence. *Loggins*, 2004 WL 1086970, at *6-7. Consequently, the panel concluded that "an examination of Loggins'

5

claims reveals that Loggins' sentence was not illegal." *Loggins*, 2004 WL 1086970, at *8. Again, we find no reason to question the 2004 panel's analysis regarding the disparity between the sentence he received and those received by his codefendants.

Based on our review of the record, we conclude that the district court did not err in summarily denying Loggins' most recent motion to correct an illegal sentence. Each of the issues that Loggins seeks to assert now have previously been decided by both the district court and this court. Accordingly, we conclude that the district court did not err in summarily denying Loggins' fourth motion to correct illegal sentence or in denying his motion to reconsider.

Affirmed.