NOT DESIGNATED FOR PUBLICATION

Nos. 121,682
121,823

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

J'MARIO D. ROBERTS,
*Appellant*.


MEMORANDUM OPINION


Appeal from Sedgwick District Court; CHRISTOPHER M. MAGANA, judge. Opinion filed September 4, 2020. Affirmed in part and dismissed in part.

*Kasper Schirer*, of Kansas Appellate Defender Office, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before ATCHESON, P.J., BRUNS and POWELL, JJ.


PER CURIAM: J'Mario D. Roberts appeals from the district court's decision by imposing his underlying sentence after revoking his probation. He also contends the district court erred in including prior municipal court convictions in his criminal history score. Based on our review of the record, we find that the district court did not err in requiring Roberts to serve his underlying sentences. Moreover, we find that the issue involving Robert's criminal history score is not properly before us because he has made no colorable claim of an illegal sentence. Thus, we affirm in part and dismiss in part.

1

FACTS

On September 6, 2017, the State charged Roberts with several drug possession offenses and one count of criminal possession of a weapon by a convicted felon in Sedgwick County case No. 17 CR 2634. On July 23, 2018, the State also charged Roberts with one count of possession of a weapon by a convicted felon and a traffic misdemeanor in Sedgwick County case No. 18 CR 1952. On August 23, 2018, pursuant to a global plea agreement resolving both cases, Roberts pleaded guilty to two level 5 drug offenses, possession of an opiate, possession of cocaine, and two level 8 criminal possession of a weapon by a convicted felon offenses.

Prior to sentencing, a presentence investigation report (PSI) was prepared in each case and submitted to the district court. At his sentencing hearing held on October 11, 2018, Roberts admitted that his criminal history score was "B" as reflected in the PSIs. As a result, the district court sentenced Roberts to presumptive sentences of 36 months in prison in case No. 17 CR 2634 and 19 months in prison in case No. 18 CR 1952. The district court also ordered that the sentences be consecutive. Nevertheless, based on the recommendations made by the parties in the plea agreement, the district court granted a downward dispositional departure to 12 months of probation in case No. 17 CR 2634 and 18 months of probation in case No. 18 CR 1952.

Less than six months later, on April 5, 2019, Roberts stipulated to several violations of the terms of his probation. As a result, the district court ordered him to serve an intermediate sanction of 48 hours in jail and reinstated his probation. About three months later, on July 23, 2019, Roberts stipulated to nine additional violations of the terms of his probation. These violations included the commission of three new crimes— larceny, attempted larceny, and trespass. Consequently, the district court again revoked Roberts' probation. This time, instead of ordering another intermediate sanction, the district court ordered Roberts to serve his underlying sentences.

In imposing the underlying sentences, the district court stated:

"Well, Mr. Roberts, I've got a lot of concerns about you, beginning with the two cases you were on probation for, both of which involved you having stolen handguns on you when you were stopped, both of those also involving criminal possession of weapons by felons, which you were not allowed to possess, much less stolen handguns.

"You've got a long criminal history, almost 15 years with a variety of what I consider fairly serious crimes. And you and your attorney at the time, Mr. Mauldin, got a very favorable plea agreement for you where you wouldn't go to prison on not one, but two cases. And you told me a lot of stuff at your sentencing, and I was hopeful you were on the right track.

"But what I have seen in these allegations here today tells me that you either were blowing smoke or you couldn't maintain what you need to do during that time period. And you'd already had a warning through the quick dip when you could have been revoked for that violation, and now we're here on you committing new crimes, in addition to a number of other violations.

"And at this point if I were to out you back on probation, I think that sends a very bad message to you that you can continue to violate. And you knew what your gang conditions were, and you certainly knew you weren't supposed to be shoplifting on this probation.

"And at this point I think you've shown that you're not able or willing to abide by what was actually pretty simple probation conditions. This was a dispositional departure, as I stated, so I am not prepared to place you back on probation.

"So I'm going to revoke your probation at this time. I'm going to find this was a dispositional departure, and under [K.S.A. 2018 Supp. 22-3716(c)(9)(B)], there are no other further intermediate sanctions required, even though you have already had one intermediate sanction. Also finding that you've committed a crime while on this probation under the same statute. And I'm going to revoke your probation at this time [and] impose sentence.

"I am not going to modify the sentence, as I note the probation was granted with a departure, where the counts ran concurrent in the one case and mid number in the other case, pursuant to that plea agreement, so sentence will not be modified."

On July 25, 2019, Robert's filed timely notices of appeal and we subsequently consolidated the two cases because they involve the same facts and issues.

ANALYSIS

On appeal, Roberts does not challenge the district court's decision to revoke his probation. Rather, he contends the district court abused its discretion by ordering him to serve his underlying sentences. In addition, Roberts contends that the district court erred in scoring his prior municipal court convictions at the time he was originally sentenced. In response, the State contends that the district court acted within its sound discretion in ordering Roberts to serve his underlying sentences. Likewise, the State points out that Robert's suggestion that his underlying sentences might be illegal is based purely on a hypothetical situation that may or may not exist.

*Imposition of Underlying Sentence*

Roberts argues that the district court abused its discretion by ordering him to serve his underlying sentences rather than imposing another intermediate sanction. We review a district court's decision to revoke probation under an abuse of discretion standard. When the defendant challenges the propriety of the district court's sanction imposed for a probation violation, the standard of review is abuse of discretion. *State v. Coleman*, 311 Kan. 332, 334, 460 P.3d 828 (2020). A judicial action constitutes an abuse of discretion only if (1) no reasonable person would take the view adopted by the district court; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Schaal*, 305 Kan. 445, 449, 383 P.3d 1284 (2016).

As a general rule, probation is granted as a privilege and is often referred to as an act of grace. *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006). The party asserting the district court abused its discretion—in this case Roberts—bears the burden of showing such abuse of discretion. *State v. Smith-Parker*, 301 Kan. 132, 161, 340 P.3d 485 (2014). Here, although the sentencing guidelines recommended presumptive imprisonment under K.S.A. 2018 Supp. 21-6804 and K.S.A. 2018 Supp. 21-6805, the district court showed Roberts mercy by granting a downward dispositional departure to probation.

Unfortunately, Roberts committed multiple violations of the terms of his probation within a matter of months. At Roberts' first probation revocation hearing, the district court imposed a statutory intermediate sanction and his probation was reinstated. At Roberts' second probation hearing, after he stipulated to numerous addition violations, including the commission of three new crimes, the district court again revoked his probation and ordered him to serve his underlying sentences. Because Roberts had committed new crimes while on probation, the district court had the discretion to order him to serve his underlying sentence instead of ordering another intermediate sanction. See K.S.A. 2018 Supp. 22-3716(c)(8)(A).

Based on our review of the record, we find that the district court's decision to order Roberts to serve his underlying sentences was reasonable under the circumstances presented. Likewise, we find that the district court did not commit an error of law or fact. As the district court pointed out at his second probation revocation hearing, Roberts has demonstrated an inability or unwillingness to comply with the terms of probation. Although the district court provided Roberts with several opportunities to avoid serving his underlying sentences by simply complying with the terms of his probation, he committed multiple violations—including new crimes—in a matter of months following his sentencing. Accordingly, we do not find that the district court abused its discretion in revoking Roberts' probation or in ordering him to serve his underlying sentence.

*Prior Municipal Convictions*

Next, Roberts argues that his criminal history score may have been inaccurate at the time he was sentenced. In particular, he suggests that the prior municipal court convictions listed in his PSIs may have been uncounseled. However, a review of the record shows that at his sentencing hearing, Roberts admitted to his criminal history score as reflected in the PSIs. Even in his brief on appeal, Roberts does not contend that he was unrepresented in the cases that led to his municipal court convictions. Rather, he simply poses the possibility.

K.S.A. 2019 Supp. 21-6814(a) provides that an "offender's criminal history shall be admitted in open court by the offender or determined by a preponderance of the evidence at the sentencing hearing by the sentencing judge." In addition, K.S.A. 2019 Supp. 21-6814(b) states that "[e]xcept to the extent disputed [by the defendant], the summary of the offender's criminal history prepared for the court by the state shall satisfy the state's burden of proof regarding an offender's criminal history." Further, under K.S.A. 2019 Supp. 21-6814(c), "[u]pon receipt of the criminal history worksheet prepared for the court, the offender shall immediately notify the district attorney and the court with written notice of any error in the proposed criminal history worksheet."

Here, Roberts admitted his criminal history as set forth in the PSIs at the sentencing hearing as provided for in K.S.A. 2019 Supp. 21-6814(a). In addition, he failed to notify the district court or the district attorney of any alleged error in his criminal history worksheets as required by K.S.A. 2019 Supp. 21-6814(c). As a result, we find that the State satisfied its burden of proof at the sentencing hearing regarding Robert's criminal history in the manner set forth in K.S.A. 2019 Supp. 21-6814(b).

We recognize that under K.S.A. 2019 Supp. 22-3504(a), an illegal sentence may be corrected "at any time while the defendant is serving such sentence." This includes

6

challenging a criminal history score for the first time on appeal following the revocation of a defendant's probation. *State v. Dickey*, 305 Kan. 217, 219-20, 380 P.3d 230 (2016). Nevertheless, Roberts has not made any showing—nor does he even argue—that he was not represented by counsel in his prior municipal court cases. Accordingly, we find that the issue is not properly before us.

As indicated above, the State met its burden to prove Roberts' criminal history at the sentencing hearing. This was done both by his own admission at the sentencing hearing and by his failure to point out any alleged error in his criminal worksheets. Because Roberts' criminal history has been previously established, the burden of proof shifts to him to prove any subsequent challenge to his criminal history by a preponderance of the evidence as provided in K.S.A. 2019 Supp. 21-6814(c).

An illegal sentence is a sentence imposed by a court that lacks jurisdiction; a sentence that does not conform to the applicable statutory provisions, either in character or the length of the punishment authorized; or a sentence that is ambiguous concerning the time and manner in which it is to be served. K.S.A. 2019 Supp. 22-3504(c); see *State v. Hayes*, 307 Kan. 537, 538, 411 P.3d 1225 (2018). A sentence must meet this definition to be classified an illegal sentence. *State v. Gayden*, 281 Kan. 290, 293, 130 P.3d 108 (2006). Also, the movant—in this case Roberts—bears the burden of providing some evidentiary basis to support a motion to correct an illegal sentence. Conclusory assertions are not enough. See State v. Patterson, 262 Kan. 481, 485-86, 939 P.2d 909 (1997).

Here, Roberts has made no attempt to assert that he actually received illegal sentences or to show how his sentences were allegedly illegal. In fact, he has not even made conclusory assertions. Instead, Roberts simply suggests a possible scenario under which his sentences might have been illegal. Under these circumstances, we conclude that Roberts has failed to make a colorable claim that his sentences were illegal under

7

K.S.A. 2019 Supp. 22-3504(c)(1). Consequently, we dismiss Roberts' claim that his sentences were illegal.

Affirmed in part and dismissed in part.